## Williams v. Commonwealth.

(Decided April 16, 1924.)

### Appeal from Harlan Circuit Court.

1. Rape—Evidence Held to Show Prosecutrix Not Defendant's Wife. —In a prosecution for statutory rape, evidence held sufficient to sustain a finding that prosecutrix was not defendant's wife.

2. Rape—Penetration May be Proved by Circumstances.—A fact may be proved by circumstances no less than by words, and this rule is applied to the question of penetration just as it is in other cases of fact arising in criminal cases.

3. Rape—Evidence Held Sufficient to Sustain a Finding of Penetration.—In a prosecution for carnally knowing a female under 16 years of age, evidence held sufficient to sustain a finding of penetration.

4. Rape—Presumed that Witness Used Words in Ordinary Sense.— In prosecution for carnally knowing female under 16 years of age it must be presumed that prosecutrix, in testifying as to the act, used the words "sexual intercourse" in their ordinary sense.

5. Rape—Ten Years' Imprisonment Cannot be Held Excessive.—A sentence of ten years' imprisonment for carnally knowing a female under the age of 16 years cannot be said to be excessive.

HALL, JONES & LEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY J. P. HOBSON, COMMISSIONER—Affirming.

At the November term, 1922, the grand jury of the Harlan circuit court returned an indictment against Van Williams for carnally knowing Pauline Jenkins, a female under 16 years of age, and not his wife.

The case was tried at the April term, 1923; the defendant was found guilty as charged and his punishment fixed at confinement at hard labor for a period of ten years in the penitentiary.

His motion for a new trial being overruled he appeals.

The grounds for reversal are these. First: The evidence fails to show that Pauline Jenkins was not his wife. Second: It fails to show that there was any penetration of the parts of the female.

First: The witness testified that her name was Pauline Jenkins; that the defendant, Van Williams, took

her from Lynch to Poor Fork, in November before she came before the grand jury; that she was coming from the commissary at Lynch when she got acquainted with him; he stopped her at the hotel and begged her to go with him, saying that he would buy her some nice clothes and take her to Harlan to see her mother and she went with him in a taxi. It was in the nighttime and he took her off in the woods and they slept on the ground all night; that he had sexual intercourse with her that night two or three times, and in the morning he brought her to Harlan and left her there. She was then 14 years of age, and this is shown by her mother and sister, who also testified.

Considering her statement as to how their acquaintance begun and how long it continued no one could conclude from the testimony that she was the defendant's wife; the facts and circumstances stated by her, including her age, her name, when and where she first met the defendant and what they did exclude the idea that she was his wife as fully as if she had so testified in express words.

Second: While it has been held in a number of cases that penetration of the parts of the female is necessary to constitute the offense, this was always in cases where the proof was conflicting as to whether there was penetration or not.

A fact may be proved by circumstances no less than by words, and this rule is applied to the question of penetration just as it is in other questions of fact arising in criminal cases. Here the parties went to the woods for this purpose; the witness testified they stayed on the ground all night and defendant got on top of her and had sexual intercourse with her two or three times that night. Certainly a jury giving this evidence reasonable effect did not need to be told that there was penetration of the female parts. This was the purpose of the whole adventure and it must be presumed that the witness used the words sexual intercourse in their ordinary sense.

We cannot say that the judgment is excessive; the statute authorizes a punishment of not less than five nor more than twenty years. The verdict of the jury is for only one half of the maximum penalty. The purpose of the statute is to protect this unfortunate class of immature girls.

Judgment affirmed.