LOUISE F. REDER *vs.* JOHN A. REDER.   January 27, 1965.   This bill in
equity was brought by a wife, who is living apart from her husband (but
not for justifiable cause), against her husband to determine ownership in
certain property.   The property consists of bank accounts, shares of stock,
a parcel of real estate and two automobiles.   A master to whom the case
was referred filed a report which was confirmed by an interlocutory de-
cree.   Thereafter a final decree was entered which awarded one half of
the bank accounts and shares of stock to the wife.   The basis for the
decree was the findings of the master to the effect that the property was
jointly owned by husband and wife.   The decree was silent as to the real
estate and the two automobiles, a 1959 Oldsmobile and a 1937 Chevrolet.
The husband appealed.   The husband's attack on the master's findings

---

[1] Elizabeth A. Davis and William T. Davis.

[2] The companion case is by Joseph Sahakian, administrator, Carol Flansburg
and Janice Flansburg.

touching the real estate requires no discussion. This property stood in the names of the husband and wife as tenants by the entirety and the decree left this tenancy undisturbed. That appears to be all that the husband now seeks and he has no cause to complain. The findings of the master adequately support the decree with respect to the ownership of the bank accounts and the shares of stock. The failure of the decree to deal with the two automobiles is challenged by the husband only with respect to the 1959 Oldsmobile, presumably because the value of the 1937 Chevrolet, according to the master, was insignificant. Inasmuch as the master found that the Oldsmobile was jointly owned by the husband and wife, despite the husband's contention that he was the sole owner, this finding must stand; the decree should be modified to so provide. The decree is to be modified in accordance with this rescript, and, as so modified, it is affirmed.

*Edward M. Dangel (Leo E. Sherry & Margery C. Leonard* with him) for the defendant.

*David Entin* for the plaintiff.