FREDERIC J. TORPHY, executor, *vs.* JOHN A. REDER.

Bristol. November 4, 1969. — April 3, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Lien,* Attorney's lien. *Attorney at Law. Escrow.*

An attorney was not entitled to a lien under G. L. c. 221, § 50, for his reasonable fees and expenses upon property of his client, received by the attorney in the course of their professional relationship and during a proceeding in equity against the client, where there was no decree therein in the client's favor. [155–156]

An attorney was not entitled to a possessory lien for his reasonable fees and expenses upon property of his client received by the attorney in the course of their professional relationship but held by the attorney and another in escrow in a safe deposit box to which neither had access alone. [156–157]

PETITION filed in the Superior Court on April 10, 1967.

The case was heard by *Cahill,* J.

*Anna Flynn McManus* for the respondent.

*Frederic J. Torphy,* executor, pro se, submitted a brief.

KIRK, J. The respondent Reder appeals from a final decree entered by a judge of the Superior Court (the second judge) directing the clerk of the courts to pay to the petitioner, an attorney at law, the sum of $1,500 plus costs of $12.50, and to pay the balance ($10.27) to Reder. The second judge made findings of fact. The evidence is reported. The petitioner is deceased. The cause is pursued by his executor.

The decree now before us is the result of a hearing on a petition "to establish a lien" under G. L. c. 221, § 50, following unsuccessful efforts by the petitioner to get from Reder the balance of compensation alleged to be due for professional services.

We observed in *Elbaum* v. *Sullivan,* 344 Mass. 662, 664, that a petition to enforce a lien under § 50 is analogous to a bill to reach and apply under G. L. c. 214, § 3 (7), in that there is first, a law aspect to the proceeding (the establishment of an indebtedness from the defendant to the plaintiff)

and second, an equity aspect (the process of collecting the debt, if established, out of property rights which cannot be reached on an execution). The respondent is entitled to trial by jury respecting the alleged debt. He is not entitled to trial by jury on the remedial aspect of the case which is purely equitable in nature. *Stockbridge* v. *Mixer*, 215 Mass. 415, 418. Reder made no motion that an issue be framed for trial by jury on the question of his alleged indebtedness to the petitioner. He is deemed to have waived it. The second judge's finding of the fair and reasonable value of the petitioner's services to Reder cannot be said to be unwarranted. We shall not say more on this aspect of the case.

The difficulty arises from that part of the decree which orders the clerk of the courts to pay the stated sums to the petitioner. This order, we infer, must be based on paragraph 9 of the second judge's "Findings and Order" which reads: "The Court further finds petitioner *entitled to his lien* and that this sum may and should be paid with the checks held by the clerk, together with costs" (emphasis supplied). The finding requires an examination of the evidence.

The evidence and facts of record show that the petitioner had represented Reder as defendant in a suit in equity brought by Reder's wife to determine the ownership of certain property. Included in the property were several stock certificates and bankbooks. See *Reder* v. *Reder*, 348 Mass. 783. The master to whom the original suit was referred found that one half of the property belonged to Mrs. Reder, and he suggested, pending final adjudication, that the stock certificates and bankbooks be placed in the custody of the court. The clerk declined to accept them, whereupon the petitioner and Mrs. Reder's attorney deposited them in a safe deposit box from which they could not be removed except upon the signatures of both attorneys. The master's report was confirmed in the Superior Court. Reder then discharged the petitioner as his attorney and engaged other counsel. A sequel to *Reder* v. *Reder*, 348 Mass. 783, is *Reder, petitioner*, 351 Mass. 710.

After Reder had exhausted his rights of appeal in the original suit another judge of the Superior Court (the first judge) ordered that his original decree, as modified by this court, be carried out by instructing the petitioner to surrender the bankbooks and stock certificates. The petitioner then orally and for the first time claimed that he had a lien on the stock certificates. He made the statement of the claim to opposing counsel when he turned over the intangibles, pursuant to the first judge's order, at the bank, and asked that the message be relayed to the first judge. On March 10, 1967, the first judge, who had earlier entered the decree in the original suit, made a supplementary order which provided in substance that the petitioner file on or before April 10, 1967, "a petition to establish his lien according to law," and that the clerk of the courts retain two bank checks payable to Reder and indorsed by him (in the total sum of $1,522.72), "in lieu of . . . [the petitioner's] alleged lien on said bank books and stock certificates." The supplementary order also provided that if the petitioner's claim and lien should be finally established in his favor, then enough of the sums should be paid by the clerk to satisfy the lien, with balance to Reder. If the claim and lien should not be established, then all of the funds should be payable to Reder and his attorney.

The petition under consideration was filed on April 10, 1967. It recites that it was filed to establish a lien for an attorney's fee in accordance with G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1, which reads in pertinent part: "From the authorized commencement of . . . [a] proceeding in any court . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses . . . upon the . . . decree . . . in his client's favor entered . . . in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court may determine and enforce the lien . . . ."

Reder argues, and we think rightly, that since there was

no decree in his favor there was nothing to which the statutory lien could attach. As noted in *Elbaum* v. *Sullivan*, 344 Mass. 662, 663–664, the type of lien created by G. L. c. 221, § 50, is a charging lien which binds the judgment or money decree for payment of expenses incurred and for services rendered by an attorney with respect to the particular action or suit. No judgment or decree exists in Reder's favor in the current litigation.

The evidence presented in support of the petition tends to show that the petitioner sought to assert, if anything, a possessory or retaining lien. The second judge's findings show that he treated the case on that basis.

Whether in this Commonwealth an attorney has a lien for his fees on the moneys, papers, books or other property of his client which come into his possession has never been squarely decided. In *White* v. *Harlow*, 5 Gray, 463, and in *Simmons* v. *Almy*, 103 Mass. 33, the question was left open. In G. L. c. 255, § 32, there appears a recital or listing of "liens claimed by" persons engaged in particular activities upon specific items of property, including those claimed "by attorneys at law upon books, papers, documents or other personal property," and a further provision that the liens thus claimed may be dissolved by a person owning or having an interest in the property by following the procedure set out in § 33. There have been suggestions in local legal periodicals that these provisions amount to a legislative declaration that an attorney may lawfully claim a possessory lien.[1]

The facts of the case before us do not require that we make a broad determination that an attorney may claim a possessory lien in this Commonwealth. We are convinced that on the facts of the case no possessory lien could be claimed by the petitioner. Although the stock certificates and bankbooks were received by the petitioner from Reder in the course of their professional relationship, it is clear

[1] Meline, Attorney's Fees and Liens, and Procedure Relating to Them, with a Proposed Act, 21 Mass. L. Q. (No. 1) 82, 85. Black, Attorneys' Liens in Massachusetts, 24 B. U. L. Rev. 224, 228–229 (1944). Cf. *Dunklee* v. *Locke*, 13 Mass. 525, 527–528.

that they were to be held not by the petitioner alone but with another, and for a special purpose which was inconsistent with the petitioner's claim of lien: a neutral depository to which neither counsel had exclusive access pending further order of the court. This is not an uncommon type of arrangement, partaking of the nature of a trusteeship, when the right to intangibles is disputed by parties. Indeed, in his correspondence with Reder, the petitioner referred to himself as "escrow agent" and to his successor attorney as "escrow agent in my stead." To permit one who has so acted to assert a possessory lien on the property as security for professional services would not only discourage similar arrangements in the future, but would be inconsistent with the fiduciary duty voluntarily assumed by the attorney. *Spencer* v. *Spencer*, 252 Cal. App. 2d 683, 692–693. *Brauer* v. *Hotel Associates, Inc.* 40 N. J. 415. *Matter of Heinsheimer*, 214 N. Y. 361, 364. Annotation, 2 A. L. R. 1488.

The proper remedy for the petitioner was an action at law. On that aspect of the case, he has prevailed.

The final decree must be reversed. A final decree is to be entered establishing Reder's indebtedness to the petitioner's executor in the sum of $1,512.50 and ordering that the funds held by the clerk of the courts for Bristol County, pursuant to the order of the first judge entered March 10, 1967, be delivered forthwith to John A. Reder and his attorney.

*So ordered.*