COMMONWEALTH *vs.* DAVID E. CODERRE. December 30, 1971. These are appeals under G. L. c. 278, §§ 33A–33G, in which the only assignment of error argued before us relates to the denial of the defendant's motion for a directed verdict on the indictment charging him with rape. Specifically, he argues that there was not sufficient evidence to warrant a finding of penetration. *Commonwealth* v. *McCan*, 277 Mass. 199, 203. We disagree. The victim testified that the defendant while pointing a knife at her forced her to have "relations" with him. Also, the crime was committed in the presence of two witnesses, one of whom testified that she saw the defendant "on top of" the victim; the other testified that she saw the defendant have "intercourse" with the victim. Moreover, a vaginal examination of the victim shortly after the crime revealed the presence of spermatozoa. On this evidence, the jury were warranted in finding, as they impliedly did, that the defendant had sexual intercourse with the victim. *Commonwealth* v. *D'Ambrosio*, 318 Mass. 779. Other evidence in the record warranted the conclusion that the intercourse was accomplished by the defendant with the use of force and without the victim's consent. The judge was therefore correct in denying the defendant's motion for a directed verdict.

*Judgments affirmed.*

*Reuben Goodman* & *Robert V. Greco*, for the defendant, submitted a brief.

FREDERIC J. TORPHY, executor, *vs.* JOHN A. REDER. December 31, 1971. A Superior Court judge, following the rescript in this matter reported in *Torphy* v. *Reder*, 357 Mass. 153, correctly entered a decree after rescript establishing that Reder was indebted to the executor in the sum of $1,512.50, and directing also that "an execution is to issue therefor." See Rule 83 of the Superior Court (1954). See also *Boston* v. *Santosuosso*, 308 Mass. 202, 205–206. The decree after rescript is affirmed, with double costs of this frivolous appeal to be paid by the defendant.

*So ordered.*

The case was submitted on briefs.
*Anna Flynn McManus* for the defendant.
*Frederic J. Torphy*, executor, pro se.