**Isiah ANDERSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

Edwin F. Kagin, Jr., Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Appellant, Isiah Anderson, was tried jointly with Gene Guyton and Robert Gerald Ward in the Jefferson Circuit Court on charges of rape, KRS 435.090, and of engaging in indecent or immoral practices, KRS 435.105(2). Anderson was sentenced to ten years on a charge of rape.

Miss Doris Gibson testified that Anderson had sex relations with her by force and against her will while another assailant held a knife to her throat; and she was forced to submit to oral sex with Guyton. Miss Diana Cunningham testified that she was forced to have sexual relations with Guyton. The testimony of both Miss Gibson and Miss Cunningham was corroborated by the investigating police officers and by medical records.

Anderson's first contention is that the court erred in failing to dismiss the

charge of the rape of Miss Gibson because the Commonwealth did not prove penetration. Miss Gibson stated that she knew what constituted "sex" and that she had been forced to have sexual relations with Anderson. This court has held that penetration of the parts of the female is necessary to constitute the offense of rape, but that this particular fact need be testified to directly only in cases where the proof is conflicting as to whether there was penetration or not. We said, in Williams v. Commonwealth, 202 Ky. 664, 261 S.W. 18:

> "A fact may be proved by circumstances no less than by words, and this rule is applied to the question of penetration just as it is in other questions of fact arising in criminal cases. Here the parties went to the woods for this purpose; the witness testified they stayed on the ground all night, and defendant got on top of her and had sexual intercourse with her two or three times that night. Certainly a jury giving this evidence reasonable effect did not need to be told that there was penetration of the female parts. This was the purpose of the whole adventure, and it must be presumed that the witness used the words 'sexual intercourse' in their ordinary sense."

There was no impropriety in the court's failure to dismiss the charge of rape.

 Appellant's second contention is that the evidence was insufficient to sustain a verdict of guilty. This contention is without merit as there was ample evidence to sustain the verdict.

Appellant's third contention, also without merit, is that the trial court erred in permitting the introduction into evidence of a letter implicating Anderson. The letter refers to no specific person and, in fact, does not implicate Anderson.

Finally, Anderson insists that the trial court erred in failing to dismiss the jury because of prejudicial remarks made by the prosecuting attorney in his closing argument. These remarks were directed to the type of punishment that Anderson should be given; and although the prosecuting attorney went farther in his appeal to the sympathy of the jury than he should have, any error that may have been committed was harmless in light of the minimum sentence returned.

The judgment is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.