COMMONWEALTH *vs.* KENNETH WRIGHT. March 23, 1979. The defendant, who was convicted of armed robbery, has argued two assignments of error on appeal.

1. Represented on appeal by new counsel, the defendant claims that he was denied effective assistance of counsel. We disagree. The trial judge stated to former counsel at the disposition hearing, "[Y]ou tried this case very carefully and very well," and our own review of the entire record indicates that the defendant has fallen far short of showing that there was "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). Nor has he shown any violation of the attorney's duty that is both substantial and prejudicial. *Commonwealth* v. *Adams,* 374 Mass. 722, 729 (1978).

None of the particular instances cited by the defendant to show incompetence has any merit. The decision to waive a motion to suppress the gun was a tactical decision, and in the circumstances of this case, the motion could certainly be viewed as not "the most fruitful tactic." *Commonwealth* v. *Courtney, ante* 4, 8 (1979).

The fact that an alibi witness for the defense was confused as to his whereabouts on a certain date is insufficient to show a lack of preparation. Witnesses in court are often nervous and make mistakes. Damaging as such confusion may have been, it does not show incompetency of counsel, particularly where, as here, counsel carefully rehabilitated the witness's testimony.

Defendant also argues that a statement of his trial counsel in closing argument was "extremely prejudicial" to the defendant's case. We do

not agree. The statement was part of a reasonable attempt to convince the jury of the defendant's credibility.

2. The defendant's claim that a statement in the judge's charge was improper "border[s] on the trivial." *Commonwealth* v. *Little*, 376 Mass. 233, 239 (1978). The judge instructed the jury clearly and correctly.

*Judgment affirmed.*

*Stephen Hrones* for the defendant.

*Brian J. Dobie*, Special Assistant District Attorney, for the Commonwealth.