## COMMONWEALTH vs. ROBERTO R. BROWN.

Suffolk.  May 23, 1979. — April 23, 1980.

Present: GOODMAN, ROSE, & GREANEY, JJ.

*Evidence,* Common criminal enterprise. *Practice, Criminal,* Assistance of counsel, Failure to make objection. *Selective Prosecution. Rape. Words,* "Sexual relations."

At the trial of a defendant on several charges, including contributing to the delinquency of a minor, the judge properly admitted the victim's testimony concerning instructions as to prostitution given her by two persons to whom the defendant introduced her where the judge was amply warranted in finding that each of them was acting in concert with the defendant. [611]

There was no merit to the contention of a defendant charged with statutory rape that his trial counsel was inadequate in failing to file a motion for a directed verdict because the victim used the phrase "sexual relations" rather than something more detailed where there was sufficient evidence to warrant a finding beyond a reasonable doubt that the victim and the defendant engaged in natural sexual intercourse. [611]

There was no merit to a defendant's contention that his counsel's closing argument indicated incompetency of counsel [612]; nor that his counsel's failure to object and except to part of the judge's charge constituted inadequacy of counsel [612].

There was no factual basis in the record for the claim of a defendant convicted of statutory rape and deriving support from the earnings of a prostitute that G. L. c. 265, § 23, and c. 272, § 7, are enforced against males and not against females. [612-613]

INDICTMENTS found and returned in the Superior Court on October 5, 1976.

The cases were tried before *Roy,* J., and a motion for a new trial was heard by *Nelson,* J.

*Robert L. Sheketoff (Norman S. Zalkind* with him) for the defendant.

*M. Ashley Brown,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with her) for the Commonwealth.

GOODMAN, J.   The defendant appeals (G. L. c. 278, §§ 33A-33G) from convictions on indictments charging statutory rape (nineteen counts), deriving support from the earnings of a prostitute, and extortion. He was also found guilty of contributing to the delinquency of a minor and assault and battery; these two cases were placed on file with the defendant's consent. The Commonwealth's case was based primarily on the testimony of the victim, who first met the defendant on June 4, 1976, when she was fourteen years old. They met at the Cambridge home of the defendant's aunt, near whom the victim lived and for whom she did various chores. Subsequently, on June 19 in Cambridge, the defendant and the victim happened to meet; she accepted his invitation to go with him to a movie. However, he took her to the "Combat Zone" and thereafter to an apartment on Newbury Street. There he told her "to sit on the bed . . . and he pulled me back on the bed and took my pants off." She then "had sexual relations" with the defendant. They spent the night in that apartment, and the next day she was taken to another apartment in "some project" in Boston. Subsequently, that day the defendant brought the victim to the Newbury Street area, where he spoke to a woman named Gloria and left. Gloria then told the victim "how to get the men and everything" and "how much to charge them." Gloria also told the victim that she "was supposed to give [the money] to Brown." That evening she engaged in prostitution. On June 21, the defendant took her to an establishment "around Kneeland Street" and spoke with the bartender. The defendant then said to her that "it was all set" and left. The bartender then told her that he "was to set me up with his tricks." From there she went to various men's apartments and "had sexual relations with them." She gave the money she received to the defendant. She testified that from June 19 until July 20, when she went home, with the exception of her menstrual period, she

was engaged in prostitution and slept with the defendant with whom she had "sexual relations" (or, as put to her on cross-examination, with whom she was "having sex"). We need not describe further the events during that time.

We find no merit in the defendant's contentions and affirm the judgments.

1. The judge properly admitted the victim's testimony as to the instructions given her by the bartender and Gloria, thus implicitly finding that each of them was acting in concert with the defendant — at least in connection with the charge of contributing to the delinquency of a minor. On her testimony, the judge was amply justified in so finding. *Commonwealth* v. *Tivnon*, 8 Gray 375, 381 (1857). *Commonwealth* v. *Chapman*, 345 Mass. 251, 255 (1962). *Commonwealth* v. *Flynn*, 362 Mass. 455, 477 (1972). See *Commonwealth* v. *French*, 357 Mass. 356, 391 (1970), vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972); *Commonwealth* v. *Morrow*, 363 Mass. 601, 609 (1973).

2. We do not believe that trial counsel was inadequate (as defendant's new counsel contends in his motion for a new trial) in failing to file a motion for a directed verdict because the victim used the phrase "sexual relations" rather than something more detailed. Without repeating the circumstances which we have set out above, we believe that the jury could, as they did, find beyond a reasonable doubt that the victim and the defendant engaged in natural sexual intercourse.[1] *Commonwealth* v. *Coderre*, 360 Mass. 869 (1971). See *Commonwealth* v. *Hollis*, 170 Mass. 433, 435, 436 (1898); *Anderson* v. *Commonwealth*, 500 S.W.2d 76, 76-77 (Ky. 1973). Contrast *Maine* v. *Croteau*, 158 Me. 360, 364-366 (1962) ("'Sexual relations' ought not to be treated as synonymous with sexual intercourse"; we do not intimate that in the circumstances of that case we would reach the same result). See also *Commonwealth* v. *Rogers, post* 812 (1980).

---

[1] That was the theory on which the case was submitted to the jury. *Commonwealth* v. *Peets*, 8 Mass. App. Ct. 916 (1979).

3. Defense counsel's closing did not indicate incompetency. He sought to undermine the victim's credibility by emphasizing her opportunities to leave the defendant, apparently hoping that this might reflect sufficiently on her testimony generally so as to impel the jury to find the defendant not guilty of statutory rape as well as the other charges. The strategy to minimize the statutory rape charge cannot be faulted. From our examination of the transcript it appears that defense counsel had few cards to play and did as well as could be expected in the circumstances. See *Commonwealth* v. *Dunker*, 363 Mass. 792, 795-798 (1973); *Dunker* v. *Vinzant*, 505 F.2d 503, 503-505 (1st Cir. 1974), cert. denied, 421 U.S. 1003 (1975); *Commonwealth* v. *Wright*, 7 Mass. App. Ct. 888 (1979). Contrast *Matthews* v. *United States*, 449 F.2d 985, 992 (D.C. Cir. 1971).

4. It does not aid the defendant to characterize as inadequacy of counsel the failure of trial counsel to object and except to the extortion charge. (The defendant does not tell us just which part he finds objectionable and why.) Our review in a case where no exception has been taken and the matter is raised for the first time on a motion for a new trial, see *Commonwealth* v. *Underwood*, 358 Mass. 506, 508-512 (1970), is — where the issue is tendered — to ascertain if there exists "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman*, 352 Mass. 556, 561-564 (1967). *Commonwealth* v. *Sellon*, 380 Mass. 220, 232 n.18 (1980). Although the case has not been argued in these terms, we have examined the testimony and the entire charge and find no such risk. Cf. *Commonwealth* v. *Cook*, 380 Mass. 314, 321 (1980).

5. There is no factual basis in the record before us for the defendant's claim in his motions for a new trial and to dismiss that G. L. c. 265, § 23 (statutory rape), and G. L. c. 272, § 7 (deriving support from the earnings of a prostitute), are enforced against males and not against females. The judge who presided at the motion for a new trial suggested near the close of the hearing that he would be prepared to "make factual determinations either by stipula-

tion or by listening to evidence." The defendant, however, made no attempt to present facts which "raised a reasonable inference of selective prosecution," thus placing the burden on the Commonwealth to rebut that inference. *Commonwealth* v. *Franklin*, 376 Mass. 885, 894-895 (1978). See *Commonwealth* v. *King*, 374 Mass. 5, 22 (1977). The observations of the motion judge about the statutory rape statute is no substitute for the factual presentation he suggested. The factual predicate for the defendant's claim is not a matter of judicial notice. *Nantucket* v. *Beinecke*, 379 Mass. 345, 352 (1979).

*Judgments affirmed.*

*Order denying motion for a new trial affirmed.*