**Roberto BROWN, Petitioner,**

v.

**William CALLAHAN, Respondent.**

Civ. A. No. 81–815–C.

United States District Court, D. Massachusetts.

Dec. 23, 1982.

Robert L. Sheketoff, Zalkind & Zalkind, Boston, Mass., for petitioner.

Michael B. Roitman, Asst. Atty. Gen., Boston, Mass., for respondent.

MEMORANDUM

CAFFREY, Chief Judge.

The petitioner, Roberto Brown, is an inmate at the Massachusetts Correctional Institution in Norfolk, Massachusetts. He has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

In October of 1976 petitioner was indicted for extortion, contributing to the delinquency of a minor, assault and battery by means of a dangerous weapon, deriving support from the earnings of a prostitute, and nineteen counts of rape and abuse of a child under the age of sixteen. Petitioner was convicted by a jury on all the indictments, but the assault and battery with a dangerous weapon charge was reduced to a convic-

tion for simple assault and battery. Petitioner received nineteen sentences of ten to twelve years to be served concurrently on the statutory rape convictions. On the extortion conviction he received a sentence of five to seven years to be served on and after the statutory rape sentences. He also received a sentence of one half to three years on the deriving support conviction. The remaining indictments were placed on file.

An appeal was taken to the Massachusetts Appeals Court, however, shortly thereafter petitioner moved the Court to stay his appeal and permit him to file a motion for new trial in the trial court. The Appeals Court granted that request and the motion for a new trial was heard by the Honorable David S. Nelson on February 1, 1978.[1] Following the hearing of the new trial motion, the defendant filed a motion to dismiss in the trial court, alleging that the statutes at issue were applied in violation of his state and federal constitutional rights. On May 16, 1978 Judge Nelson denied both motions.

Petitioner consolidated an appeal from Judge Nelson's order with his original appeal. The Appeals Court heard oral argument and issued an opinion affirming the convictions. *Commonwealth v. Brown*, 9 Mass.App. 609, 403 N.E.2d 424. The Appeals Court denied a petition for rehearing, and on May 29, 1980 the Supreme Judicial Court denied further appellate review. Petitioner subsequently filed the petition for a writ of habeas corpus that is now before this Court. The case came before this Court on the Commonwealth's motion to dismiss because of petitioner's failure to state a constitutional claim for which relief may be granted, and also because of petitioner's waiver of his right to federal habeas corpus review.

In his application for a writ of habeas corpus petitioner raised four grounds for relief. In its answer the Commonwealth denied all of petitioner's allegations; and shortly thereafter it filed this motion to dismiss all of the petitioner's claims. Petitioner tendered no proof as to the allegations contained in paragraphs 12C and 12D of the habeas corpus petition, and has chosen to advance only those claims asserted in paragraphs 12A and 12B. Accordingly, this Court will consider only those allegations contained in paragraphs 12A and 12B.

Paragraph 12A alleges that petitioner's Fourteenth Amendment rights were violated by unconstitutional and unequal application of certain Massachusetts statutes: M.G.L. ch. 265 § 23 (statutory rape) and M.G.L. ch. 272 § 7 (deriving support from a prostitute). In paragraph 12B petitioner claims that he was denied due process since the superior court judge who heard the motion for a new trial declined to hear evidence proffered in support of petitioner's claims. On the basis of memoranda of law submitted by the parties, transcripts of state court proceedings, the opinion filed by the Appeals Court, and oral argument heard by this Court on October 8, 1982, I rule that, for the reasons set forth below, the petition for a writ of habeas corpus should be dismissed.

I turn now to examination of the waiver portion of the Commonwealth's motion to dismiss. Since the Commonwealth's waiver argument is dispositive as to both of petitioner's remaining allegations, this Court will not reach the petitioner's constitutional claim that the Commonwealth's selective enforcement of the statutory rape and deriving support statutes violated his Fourteenth Amendment rights.

■ The record clearly shows that petitioner did not move to dismiss the indictments for statutory rape and deriving support from a prostitute prior to the trial. Nor did he raise the constitutional claims, now before this Court, during his trial;

---

1. The trial judge, Judge Roy, had retired and the case was assigned to then Superior Court Judge Nelson.

they were first raised at the hearing on the motion for a new trial heard by Judge Nelson. The Massachusetts contemporaneous objection rule precludes direct appellate review of issues not excepted to at trial. *Commonwealth v. Stokes,* 374 Mass. 583, 589, 374 N.E.2d 87, 92 (1978). *See Commonwealth v. Underwood,* 358 Mass. 506, 508–512, 265 N.E.2d 577 (1970). While the appellate courts do have the power to address a decisive matter that has not been raised at trial, it is solely within their discretion whether to do so or not. Petitioner's counsel admitted this fact at the motion for a new trial. As neither of these claims were preserved at trial, Judge Nelson in his discretion applied the contemporaneous objection rule; the Massachusetts Appeals Court ruled similarly.

In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) the United States Supreme Court held that a state prisoner, barred by procedural default from raising a constitutional claim on direct appeal in the state courts could not litigate that claim in a § 2254 habeas corpus proceeding without showing cause for and actual prejudice from the default. In *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) the Supreme Court applied the principles of *Sykes* and held that an Ohio prisoner, who failed to comply with an Ohio rule mandating contemporaneous objections to jury instructions at trial could not challenge the constitutionality of those instructions in a federal habeas proceeding. The Court's analysis in *Isaac* is equally applicable in the case now before this Court.[2] Therefore, petitioner must demonstrate cause and actual prejudice before obtaining relief.

Though petitioner did not explicitly address the *Sykes* requirements either in his brief or in oral argument, it seems that he relies on a contention that inadequacy of counsel at the trial level constituted adequate cause for his default. At the aforementioned hearing on the motion for a new trial in state superior court, petitioner's present counsel contended that the mere fact that trial counsel did not challenge the constitutionality of the state statutes evidenced egregious inadequacy; an inadequacy of counsel that would be "cause" for the default.

In its opinion in *Brown, supra,* the Appeals Court of Massachusetts found that the original trial counsel was not inadequate. The court stated that "from our examination of the transcript it appears that defense counsel had few cards to play and that he did as well as could be expected in the circumstances." *Brown, supra* at 611, 403 N.E.2d 424. Absent a challenge from petitioner, these findings as to competency are presumed to be correct. 28 U.S.C. § 2254(d). Furthermore, while it is true that at the time of petitioner's trial the general principles of equal protection of the law and selective prosecution were well established, *Yick Wo v. Hopkins,* 118 U.S. 356, 373–374, 6 S.Ct. 1064, 1072, 30 L.Ed. 220 (1886), though the question of the applicability of those principles to this situation remains unanswered, failure of trial counsel to assert the unconstitutionality of the statutes at trial does not necessarily indicate incompetency. As the Supreme Court observed in *Isaac,*

> Every trial presents a myriad of possible claims .... We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim the demands of comity and finality counsel against labelling alleged unawareness of the objection as cause for a procedural default.

See *Engle v. Isaac,* 456 U.S. 107, at 135, n. 44, 102 S.Ct. 1558, at 1575, n. 44, 71 L.Ed.2d 783, 4376, at 4383, n. 44.

---

**2.** If Massachusetts had exercised its discretion to consider petitioner's claim, then their initial default would no longer block federal review.

*Isaac, supra,* 456 U.S. at 133, 102 S.Ct. at 1574. In light of the policy objectives enunciated above, I find that the fact that petitioner's trial counsel did not raise the constitutional claim at trial does not constitute adequate cause for the default.

■ Since I conclude that the petitioner lacked cause for his default, I do not consider whether he also suffered actual prejudice. Therefore, because petitioner failed to comply with the Massachusetts contemporaneous objection rule, and because petitioner has not demonstrated cause for the default, he is barred from asserting his constitutional claim under 28 U.S.C. § 2254, the motion for dismissal should be granted.

Order accordingly.