COMMONWEALTH *vs.* SAMMY L. NELSON.[1]   December 14, 1983.   *Practice, Criminal,* Instructions to jury, Public trial.   *Rape.*

The Commonwealth contends that this court should not consider the merits of the present appeal because the defendant could have but did not raise these claims on his earlier attempts to gain postconviction relief. See, e.g., *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973). See also *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 (1981).   The defendant's convictions have been previously affirmed on direct appeal. See *Commonwealth* v. *Moore,* 359 Mass. 509 (1971).   In addition, the Commonwealth asserts that no review may be had at this time because the defendant failed to preserve these issues for review, either at trial or at the hearing of the instant motion for a new trial.   In view of the protracted nature of the proceedings involving this defendant, see, e.g., *Nelson* v. *Moore,* 470 F.2d 1192 (1st Cir. 1972); *Nelson* v. *Moriarty,* 484 F.2d 1034 (1st Cir. 1973), we think it is appropriate in the circumstances to address the merits of all the issues argued to the motion judge.

1.   The trial judge's instructions did not impermissibly diminish the Commonwealth's burden of proof relative to the victim's age.   "The threshold inquiry in ascertaining the constitutional analysis applicable to this kind of jury instruction is to determine the nature of the presumption it describes . . . . That determination requires careful attention to the words actually spoken to the jury . . . , for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom* v. *Montana,* 442 U.S. 510, 514 (1979).   *Commonwealth* v. *Hughes,* 380 Mass. 596, 602 (1980).   In applying this test, the court considers the impact of the charge as a whole.   *Commonwealth* v. *Zezima,* 387 Mass. 748, 751 (1982).

The judge instructed the jury that ". . . now, if you are convinced beyond a reasonable doubt that he did have sexual relations with her and you are convinced beyond a reasonable doubt that she was under sixteen, . . . , the defendant is guilty."   The fact that the judge referred to the victim as "this girl" seems to be of no significance since the jury is permitted to take into consideration the appearance of the victim in considering her age.   *Commonwealth* v. *Hollis,* 170 Mass. 433, 435 (1898).

When considering the charge as a whole (see *Commonwealth* v. *Cundriff,* 382 Mass. 137, 153 [1980]), the precise words used and how a reasonable juror could have interpreted the charge, it does not appear to us

---

[1] Subsequent to the indictments the defendant changed his name to Ameer Abdul Khaafid.

that the prosecution's burden was diminished or that the burden of proof was shifted to the defendant. Furthermore, it has not been shown that the instructions created a danger of grave prejudice or a substantial likelihood of a miscarriage of justice.

2. The defendant also contends that the Commonwealth did not present sufficient evidence on the necessary element of carnal knowledge to support his conviction of statutory rape. The defendant specifically asserts that there was a lack of evidence that the defendant had sexual intercourse with the victim. We have no difficulty concluding that the jury could find beyond a reasonable doubt that the defendant and the minor victim engaged in natural sexual intercourse. This aspect of the case is controlled by *Commonwealth* v. *Brown*, 9 Mass. App. Ct. 609, 611 (1980). See also *Commonwealth* v. *Coderre*, 360 Mass. 869 (1971).

The "testimony of the complainant, if believed [is] proof of guilt." *Commonwealth* v. *Ellis*, 319 Mass. 627, 628 (1946). See also *Commonwealth* v. *Phillips*, 162 Mass. 504, 505 (1895) (victim's testimony that she is under age is competent evidence). In *Commonwealth* v. *Brown*, *supra*, "the victim used the phrase 'sexual relations' rather than something more detailed." Here, the victim testified that she had "sexual relations" with the defendant while lying naked on the couch in the living room. In addition, the jury, here, in reaching their verdict could have inferred, as did the jury in *Brown*, that the victim had the requisite understanding and knowledge of the act of sexual intercourse from her testimony that she had had a conversation with the defendant concerning the victim's engaging in prostitution, as well as evidence that pursuant to the suggestion of the defendant the victim did attempt, albeit unsuccessfully, to engage in such endeavor in the Combat Zone. (Her immediate nonsuccess came about as the result of her first potential customer's being a member of the Boston vice squad.)

3. The defendant claims that his constitutional right (guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution) to a public trial was violated when the trial judge ordered all members of the public not connected with the case to leave the courtroom. See *Commonwealth* v. *Bohmer*, 374 Mass. 368, 380-381 (1978). But see *Globe Newspaper Co.* v. *Superior Ct.*, 457 U.S. 596 (1982), reversing *Globe Newspaper Co.* v. *Superior Ct.*, 383 Mass. 838, 851-852 (1981) (*Globe II*). The defendant did not object at trial to the closure order, or request, as did the codefendant, that his relatives or some other persons not connected with the case attend the trial or any particular session. In addition, the record plainly indicates that the defendant is raising this issue for the first time on the present appeal. The defendant did not raise this issue before the instant motion judge, and for all that appears, this contention was not raised on any of the several prior occasions when he pressed his various other claims for postconviction relief in the State and Federal courts. In the circumstances, we do not believe that any emanation from

the *Globe II* case in the Supreme Court can operate retroactively to overturn the defendant's convictions. Compare *Commonwealth* v. *Wells,* 360 Mass. 846 (1971).

> *Order denying motion*
> *for new trial affirmed.*

*James L. Sultan* for the defendant.

*Margaret Steen Melville,* Assistant District Attorney, for the Commonwealth.