In re Wayne B. HOLLINGSWORTH, Debtor.

Stephany S. CARR, Trustee, Plaintiff,

v.

Elliot SHERMAN, Burns & Levinson, Defendants.

Bankruptcy No. 94–10741–9P7.
Adv. No. 96–51.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 9, 1996.

Dennis J. LeVine, Tampa, FL, for Plaintiff.

Kenneth R. Uncapper, Orlando, FL, for Defendants.

## AMENDED ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding in a Chapter 7 case and the matters under consideration are two Motions For Summary Judgment, one filed by Stephany S. Carr (Trustee) and the other by Elliot Sherman, of Burns & Levinson (Law Firm), the Defendants named in the Trustee's complaint.

The Complaint consists of four counts. The claim set forth in Count I is directed against Philip Strome (Receiver) and is based on the contention that the Receiver is a "Custodian" within the meaning of the term as defined by § 101(11) of the Bankruptcy Code, and as such, he has the affirmative duty to deliver to the Trustee property of the estate in his possession and under his control, as mandated by § 543 of the Code. The claim in Count II is directed against Sherman and the Law Firm. In this Count, the Trustee seeks a determination that neither of the Defendants have a viable enforceable charging lien on funds currently being held by the Receiver. The claim in Count III is based on the Trustee's contention that even if the Defendants have a charging lien on the funds involved, the same is unenforceable against the Trustee, due to lack of perfection. The last claim set forth in Count IV of the Complaint is based on the Trustee's contention that if the charging lien claimed by the

Defendants is a statutory lien, the same is "unperfected and not enforceable against a bona fide purchaser" [sic].

Shortly after the commencement of the adversary proceeding, the Trustee voluntarily dismissed her claim set forth in Count I against the Receiver. In due course, the remaining Defendants filed their answer in which they also set forth the following defenses described as affirmative defenses: (1) the Complaint in Count III fails to state a claim for which relief can be granted; and (2) this Court should abstain from considering the claims asserted by the Trustee pursuant to 28 U.S.C.A. § 1334 [sic].

Obviously, these so-called affirmative defenses (which are, in fact, not affirmative defenses, see F.R.Civ.P. 8(c)) present two threshold issues, simply because, if any of them were granted, it would·end any further inquiry and, consequently, render both Motions For Summary Judgment moot.

Considering the Motion to Abstain, it should be noted first that the Defendants do not specify whether they seek an abstention pursuant to 28 U.S.C.A. § 1334(c)(1) or (c)(2). Since the mandatory abstention is clearly not applicable, this leaves for consideration the optional abstention provided for by 28 U.S.C.A. § 1334(c)(1) which authorizes the Court to abstain from hearing a proceeding arising under or related to a case under Title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law."

▉ The property involved in the matter under consideration is funds held by the Receiver that represent the proceeds of the sale of commercial property which would have been property of the estate, but for the sale. While it is true that the charging lien claimed by the Defendants is based on state law, the determination of the validity of the same and its enforceability against the Trustee are clearly within the competence of this Court. It is beyond peradventure that a procedure to determine the validity and extent or priority of liens is a "core" matter in which this Court has the power to enter a final determinative Order pursuant to 28 U.S.C.A. § 157(b)(2)(K).

Based on the facts and the applicable law, this Court is satisfied that there is no justification for considering the matters under consideration unless the Defendant's Motions to Dismiss Counts II, III or IV should be granted and the claims set forth in the Complaint should be dismissed for failure to state a claim for which relief can be granted.

The entire controversy presented by the Trustee's Complaint centers around, first, the existence of a valid charging lien claimed by the Defendants on the funds held by the Receiver, and second, if the Defendants have a charging lien, the enforceability of the charging lien against the Trustee. This being the case, this Court is satisfied that the pleading set forth in Counts II, III and IV of the Trustee's Complaint are more than sufficient to state a claim for which relief can be granted. In considering a Motion To Dismiss, all well-plead facts must be construed in favor of the pleader and against the party seeking a dismissal. It is the law in this Circuit that a Complaint should not be dismissed unless it is beyond peradventure that under no circumstances can the Plaintiff prevail, even if all facts plead are established with the requisite degree of proof. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321 (11th Cir.1996).

This leaves for consideration the Motions For Summary Judgment. It is the contention of both the Trustee and the Defendants that there are no genuine issues of material facts and each is entitled to a judgment in their respective favor as a matter of law.

The underlying facts relevant to the ultimate issues are, indeed, without dispute and may be summarized as follows:

At the time relevant, Wayne B. Hollingsworth (Debtor) held 50% of the outstanding shares in A & M Trading Co., Inc. (A & M Trading). The other 50% was held by Thomas Malloy (Malloy). The Debtor acquired his shares in 1984 from Robert Anderson (Anderson). A dispute between the Debtor and Malloy resulted in a suit filed by the Debtor in 1987 in the Essex County Superior Court of Massachusetts seeking a dissolution of the corporation. In due course, A & M Trading filed its Answer; Malloy also filed an Answer and, in addition, filed a counter-claim challenging the Debtor's status as a stockholder of A & M Trading. The Counterclaim contended that the Debtor improperly obtained his shares. Maryann Anderson (Ms. Anderson), the ex-wife of Anderson, who was also named as a Defendant in the suit filed by the Debtor, filed her Answer coupled with a counterclaim contending that the shares held by the Debtor were only held by him as Trustee for her and her children's benefit.

It appears that due to the Debtor's failure to properly prosecute his dissolution action for three years and to furnish a Court ordered accounting, the Trial Court entered a Default Judgment in favor of A & M Trading and dismissed the Debtor's suit for dissolution of A & M Trading.

In March 1993, the Debtor retained Elliot Sherman of the Law Firm of Burns & Levinson. Mr. Sherman tried without success on a number of occasions to set aside the Default Judgment and even filed an appeal. Although it is not clear from this record, it appears that the Trial Court retained jurisdiction over the parties because on December 10, 1993, upon the Motion of Pamela N. Joseph, the first attorney representing the Debtor, the Trial Court appointed Philip Strome (Strome) as receiver for the assets of A & M Trading, with direction to liquidate the assets of the corporation. On April 24, 1994, Strome sold the commercial real estate of A & M Trading for $150,000.

On November 7, 1994, the Debtor filed his Petition for Relief under Chapter 7 and, in due course, Stephany S. Carr was appointed Trustee and was placed in charge of the administration of the Debtor's estate. On January 29, 1996, Sherman and the Law Firm entered into an Agreement with the Trustee, pursuant to which Strome turned over to the Trustee one-half of the proceeds obtained from the sale, with the additional provision that whatever interest Sherman and the Law Firm have in the funds turned over, if any, shall be transferred to the funds. Moreover, the Agreement also stated that no distribution of funds will be made until this Court determines the respective rights of the parties to the funds and only pursuant to an Order by this Court. Shortly after the commencement of the case, Sherman and the

Law Firm filed a "Notice of Attorney's Lien," asserting a right to be recognized as a secured creditor and to be paid $30,208.56 out of the funds involved in this controversy. In order to resolve the validity of this claim, the Trustee filed her Complaint seeking a determination, as noted earlier, of what rights, if any, Sherman and the Law Firm have in the funds currently in the Trustee's possession. In due course, the Trustee filed a Motion For Summary Judgment. Sherman and the Law Firm then filed their Cross–Motions and Motion for Summary Judgment. Each of the parties contend that based on the facts as outlined above, each is entitled to a judgment in their respective favor.

The lien claimed by Sherman and the Law Firm is an attorney charging lien, well-recognized and codified by statute in most States. In the present instance, the governing law is the law of the Commonwealth of Massachusetts which enacted Chapter 221, § 50 of Massachusetts General Laws that provides, *inter alia:*

> From the authorized commencement of any action, *counterclaim or other proceeding* in any Court, or appearance in a proceeding before any state or federal department, board or commission, the attorney who appears for a client in such a proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, *upon the judgment, decree or other order in his client's favor* entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the Court in which the proceeding is pending or, if the proceeding is not pending in a Court, the superior Court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of determination of attorney's fees is otherwise expressly provided by statute. (emphasis supplied)

It is without dispute that the Debtor retained Sherman and the Law Firm to represent him in the A & M Trading litigation, albeit, they did not commence the suit for the dissolution of the corporation, but appeared only after the Debtor's suit was dismissed. It is equally without dispute that they did not obtain a judgment, decree or an order in favor of the Debtor. On the contrary, this record is clear that they were singularly unsuccessful in their efforts to set aside the Default Judgment. Moreover, this record leaves no doubt that the funds in controversy were not procured through the efforts of Sherman and the Law Firm, but from the sale of the commercial property by the Receiver. The creation and enforceability of charging liens is discussed in the principal case of *In re Leading Edge Products, Inc.,* 121 B.R. 128, 129 (Bankr.D.Mass.1990). In this case, the Court held that upon filing of a suit, a charging lien arises in favor of the attorney representing a client; that lien remains inchoate and does not become choate until there is a judgment, decree or order entered in favor of the client. The lien attaches to the funds or other property awarded to the client. *Id.*

■ In the present instance, just like in *Leading Edge, supra,* the funds involved were not awarded by a judgment, decree or order of the Court, but from liquidation of the sale of the commercial property of A & M Trading. In order to overcome the obvious, Sherman and the Law Firm contend that except for the intervention of bankruptcy, which is without consequence, the funds in question would have belonged to the Debtor and their charging lien would have attached to the funds under the Statute. This argument is not supported by the undisputed facts and does not bear a close analysis. There is no question that Sherman and the Law Firm had no cognizable interest in the commercial property and the same was never awarded to them. From this it follows that they did not acquire a charging lien when the Receiver transformed the real property into money by liquidating the asset.

■ The alternative contention advanced by Sherman and the Law Firm, that their success in obtaining the appointment of the Receiver is tantamount to a judgment in favor of the Debtor, is equally without merit for two reasons. First, the Motion to Appoint Receiver was not filed by Sherman or the Law Firm, but by the first attorney representing the Debtor, Pamela N. Joseph. Second, the Appointment of the Receiver was not tantamount to a judgment in favor of the Debtor because it lacked persuasive force.

In *Torphy v. Reder,* 357 Mass. 153, 257 N.E.2d 435 (1970), *aff'd after remand,* 360 Mass. 869, 277 N.E.2d 528 (1971), the Court held that without a decree or judgment in favor of the client, there is nothing to which the charging lien can attach.

Based on the foregoing, this Court is satisfied that Sherman and the Law Firm do not have a charging lien on the funds currently held by the Trustee and, in turn, do not have but an unsecured claim, the amount of which as filed would be allowed, unless the Trustee interposed an objection to the amount sought within 15 days from the date of the entry of this Order.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion For Summary Judgment, filed by Stephany S. Carr be and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by Elliot Sherman and Burns & Levinson be and the same is hereby denied.

A separate final judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.