Smith, J.
Plaintiff Gwen G. Eagle (“Eagle") requests a jury trial on the question of an attorney’s lien for James P. McCarthy (“McCarthy”), should the court schedule any hearing on that issue. McCarthy opposes on the grounds that Eagle filed her request late and that she has no right to a jury trial on this issue. For the reasons outlined below, Eagle’s motion is DENIED.
BACKGROUND
Attorney McCarthy represented Eagle in a case (MICV93-3569) during a four year period. Eagle discharged McCarthy and retained Swartz and Swartz as successor counsel. The case settled in March 1998 for $1,000,000. Upon motion of McCarthy, $150,000 of the settlement funds was placed in an escrow account pending determination of an attorney’s lien for McCarthy. On June 29, 1998, McCarthy served Eagle a motion for an order to schedule an evidentiary hearing for the purpose of establishing the amount of the attorney’s lien and an order allowing McCarthy access to the case files of Swartz and Swartz. Eagle prepared an opposition to McCarthy’s motion and requested a hearing on the motion. McCarthy also requested a hearing on his motion. In compliance with Superior Court Rule 9A(b)(2), McCarthy filed in court on July 15, 1998 the motion, the opposition, and the two requests for a hearing. On July 16, 1998, Eagle served McCarthy a demand for a jury trial on McCarthy’s request to establish an attorney’s lien.[1] McCarthy moved to strike Eagle’s motion for a jury trial and Eagle subsequently opposed that motion. On July 17, 1998, this court approved McCarthy’s motion for an order to schedule an evidentiary hearing and approved discovery of any nonprivileged items in the Swartz and Swartz file.
DISCUSSION
McCarthy opposes Eagle’s demand for a jury trial to establish the amount of McCarthy’s attorney lien on the grounds that Eagle filed her demand beyond the ten day period provided by Rule 38(b) and because Eagle has no right to a jury trial on the matter at issue.
A. Filing Period for Jury Trial Demand
Pursuant to Rule 38(b) a party may demand a jury trial “at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.” Mass.R.Civ.Proc. 38(b). Such a demand is made “by serv(ice) upon the other parties.” Id. McCarthy claims that service of his motion to Eagle on June 29 triggers the ten day period. Consequently, Eagle’s July 16 request for a jury trial is untimely. Eagle argues that the date McCarthy filed his motion in court, July 15,[2] triggers the ten day period. Eagle argues that a jury trial demand made before the court received the motion for a hearing would be a nullity. Eagle further notes that the court has discretionary authority to order a jury trial. Mass.R.Civ.P. 39(b).
The language of Rule 38(b) is clear in that a demand for a jury trial must occur within ten days of service, not filing, of the last pleading directed toward that issue. Eagle’s argument might be persuasive if the rule called for the party demanding a jury trial to file its demand in court within the ten day period. However, Rule 38(b) requires that the demand be served to the opposing party. Therefore, contrary to Eagle’s suggestion, there is no problem that the court will receive a jury trial demand before it receives the initial motion for a hearing.
Eagle properly states that the court may in its discretion grant a jury trial. Unfortunately for Eagle, she offers the court no rationale to warrant the exercise of discretion in this instance. That she has a right to a jury trial on the question of the attorney’s lien, see below, merely establishes the predicate for her jury trial demand. It does not relieve her of the obligation to make such a demand in a timely fashion.
B. Jury Trial as of Right
Eagle claims that she is entitled to a jury trial to determine the amount of McCarthy’s attorney’s fees. As support for her request she cites Guenard v. Burke, 387 Mass. 802, 808 (1982), in which attorneys fees were claimed in quantum meruit and where the Supreme Judicial Court held that the question of what was fair and reasonable was a question of fact and should be submitted to the jury. McCarthy characterizes the attorneys fee dispute as one regarding the apportionment of fees between two law firms and contends that Pinto v. Aberthaw Construction Co., 418 Mass. 494 (1994), is on point. Pinto concerned apportionment of attorneys fees in a workers’ compensation *332 case between the insurer’s counsel and the employee’s counsel, pursuant to G.L.c. 152 §15. In this context the court held that proper apportionment of attorneys fees is largely discretionary with the judge. Pinto, 418 Mass. at 502. The court cited favorably language in Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993), also holding that calculation of attorneys fees is discretionary with the judge. Id.
McCarthy’s reliance on Pinto and Fontaine is misplaced. These cases concern the calculation of attorneys fees as established by statute, specifically pursuant to G.L.c. 152 §15 (workers’ compensation), Pinto, 418 Mass. at 502, and G.L.c. 151B, §9 (employment discrimination), and G.L.c. 93A (consumer protection), Fontaine, 415 Mass. at 324. The fact that in the instant case attorneys fees may be apportioned ultimately between two firms does not bar a jury trial. The cases McCarthy relies on place the determination of attorneys fees with the judge because the relevant statute created the right to attorneys fees, not because there is a question of apportionment.
Neither party cites a case that is precisely on point. The Supreme Judicial Court declared in Trophy v. Reder, 357 Mass. 153, 153-54 (1970), that a right to a juiy trial exists to establish the amount of indebtedness for the purposes of an attorney’s lien. Accordingly, Eagle’s request that the determination of McCarthy’s fees go before a jury is within her right.
ORDER
For the foregoing reasons, Eagle’s motion for a jury trial to establish the amount of the McCarthy attorney’s lien is DENIED.

Apparently this paper was never docketed.

The motion papers are dated July 14 but docketed on July 15, 1998.