Billings, A.J.
Plaintiff Mirick, O’Connell brings this action to recover legal fees incurred in representing defendant Finn in a multi-front dispute with his brother, with whom he co-owned (at least) a business (E&J Distributors) and a house on Block Island. During the representation Finn paid the firm $65,000; the firm claims he owed $206,000 more. (Round numbers are used throughout.)
While it was still representing him, Mirick, O’Connell sued Finn for fees and asserted an attorney’s lien on $186,000 in proceeds which it was holding from the sale of the Block Island house. Eventually, the receivership of E&J Distributors netted another $65,000, which this Court (Rup, J.) ordered be held in an escrow account “for the purpose of securing Mirick, O’Connell’s attorney’s lien, pending further orders of the Court in” the case now before me. Interest on the accounts in which both finds are held have augmented them somewhat, to where they now total about $256,000.
Finn argues that Mirick, O’Connell is oversecured on its $206,000 claim, and that when his defenses (focused largely on alleged unreasonableness of the fee) and counterclaims (for alleged malpractice) are taken into account, Mirick, O’Connell’s ultimate entitlement will prove much less. The firm responds that when interest is included at the statutory rate, its claim is actually around $300,000, and so it is un-dersecured.
Finn, who is 58, unemployed, and has had to sell his house to avoid foreclosure, has not yet designated a legal expert to testify in the case. The case was called for trial June 9, but will not be reached. Finn’s counsel represents that he has spoken to two potential experts; that he will be able to retain one upon the release of $25,000 with which to pay him or her; and that without this, he cannot try his defenses or his counterclaims (i.e., cannot submit for adjudication whether Mirick, O’Connell is entitled to a fee, and if so, what fee, Mirick, O’Connell points out that several attempts, in the Rhode Island courts[1] and in this Court, to have the lien invalidated or a substantial portion of the funds released to pay personal expenses (including the avoidance of foreclosure and legal fees and expenses needed in this case), have been rebuffed.
This is, however, the first occasion on which Finn has presented the present, focused request: to release the bare minimum needed to pay expert costs needed for the adjudication of the very fee claim which the funds are being held to secure. There is a certain circularity inherent in the situation in which the parties now find themselves: Mirick, O’Connell is entitled only to a reasonable fee; the reasonableness of the fee is at issue in the litigation; and reasonableness cannot be litigated in adversarial fashion without release of funds to Finn with which to pay ah expert, whose testimony is essential to his defense and to the prosecution of his counterclaims. “Filing an attorney’s lien for a specific amount does not entitle an attorney to fees in that amount, nor does it limit the court in its determination of reasonable fees for the services rendered.” Cohen v. Lindsey, 38 Mass.App.Ct. 1, 6 (1995).
The attorney’s lien is a creature of equity. Torphy v. Reder, 357 Mass. 153, 153-54 (1970). Here, equitable considerations favor the granting of the relief requested by Finn, with the modifications set out below. Mirick, O’Connell’s security significantly exceeds the principal amount of its claim, even if $25,000 is taken out. Assuming the correctness of the firm’s approximation of the interest accrued to date, it is 85% secured for the entire amount, including interest; with the withdrawal of $25,000, it will be 75% secured (and still oversecured as to the principal).
Finally, the liened funds indisputably belong to Finn, subject to a security interest for Mirick, O’Connell’s disputed and as yet unliquidated claim. *371 Without prejudging the case, a review of the file suggests that Finn has at least raised substantial issues concerning the reasonableness of the fee charged. Mirick, O’Connell may succeed in the trial of those issues; or Finn may; or there may be a split decision; but there cannot be a decision on the merits without release to Finn of enough of his money to pay an expert. It would be inequitable to have Mirick, O’Connell’s possession of the funds foreordain its entitlement to them, particularly where the release of a relatively small portion will permit a trial on the merits
ORDER
For the foregoing reasons, it is hereby ORDERED:
1. From the funds held in escrow by Mirick, O’Connell and Robert Mendillo, there is to be released into a separate escrow account, with Mr. Mendillo to act as sole escrow agent, the sum of $25,000.
2. Mr. Mendillo, as escrow agent, may use the separately escrowed funds to pay the fees of Finn’s expert witness in this matter. Any funds remaining after such fees are paid are to be returned to the joint escrow account.
3. The defendant is to provide expert disclosures in conformity with Mass.R.Civ.P. 26(b)(4) no later than 45 days after the release to Mr. Mendillo, as escrow agent, of the separately escrowed funds.

One issue that Finn apparently presented, unsuccessfully, to the Rhode Island court is whether R.I. Gen. Laws §9-1-1, permitting a lien to attach to “the cause of action, claim, demand, counterclaim, or other matter concerning which the contract is entered into,” allowed the proceeds of the Rhode Island real estate sale to be liened for fees incurred in a Massachusetts business litigation.