Argued and submitted December 10, 1984, A28318 reversed, others affirmed, reconsideration denied May 24, petition for review denied July 2, 1985 (299 Or 443)

## STATE OF OREGON,
*Respondent,*

*v.*

## VERNON CHARLES JALO,
*Appellant.*

(81-927; 81-928; 81-929; 81-930; 81-931; 81-933; 81-934; 82-2; CA A28299 (Control); A28314; A28315; A28316; A28317; A28318; A28319; A28320) (Cases Consolidated)

696 P2d 14

Howard R. Lonergan, Portland, argued the cause for appellant. With him on the brief were Clint A. Lonergan and Richard L. Lonergan, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Defendant appeals his convictions on six charges of rape in the third degree, ORS 163.355, one charge of sodomy in the third degree, ORS 163.385, and one charge of failure to appear in the first degree. ORS 162.205. He was acquitted of one charge of compelling prostitution. ORS 167.017. All of the charges were brought in separate indictments but were consolidated for trial. We agree with defendant's contention that there is insufficient evidence to support his conviction on one of the rape charges and reverse that conviction. We affirm the other convictions.

■　　All of the charges relate to defendant's relations with a 15-year old girl who lived with his family for a short time and to his alleged attempts to start her in business as a prostitute. He first challenges the admission of evidence concerning his assistance to another woman who previously lived with him and his family, who allegedly worked as a prostitute and with whom he allegedly had sexual relations. The court allowed evidence of defendant's statements to the victim concerning the other woman to the extent that they might have induced the victim to act as a prostitute with a person named in the compelling prostitution indictment. Defendant's statements to the victim indicated that the other woman had also acted as a prostitute with that person. The statements were relevant to the compelling prostitution charge, and defendant did not request an instruction limiting the relevance of the testing of the compelling prostitution charge. The court did not err.

■　　Defendant next asserts that the rape and sodomy statutes that he was convicted of violating are unconstitutional because they do not permit him to show in his defense that he reasonably believed the victim to be older than 16. He first argues that the statutes violate federal constitutional equal protection and state constitutional equal privileges requirements. US Const, Amend 14; Or Const, Art I, § 20. The statutes do allow a defense that the defendant reasonably mistook the victim's age when an element of the crime is that the victim is under 12 or under 14, but not if being under 16 is an element. ORS 163.325. He asserts that there is no rational explanation for distinguishing in this fashion between 16 and other ages. He argues further that the denial of the defense makes sexual intercourse with a female under 16 a strict

liability crime in violation of federal due process requirements and of the Reservation of Rights Clause of the Oregon Constitution. US Const, Amend 14; Or Const, Art I, § 33. We agree with defendant that sexual intercourse with a person under 16 is normally a strict liability crime,[1] but we hold that there is no constitutional infirmity in that fact.

A male commits rape in the third degree if he has sexual intercourse with a female under 16 years of age. ORS 163.355.[2] If the female is under 14 years of age the offense is rape in the second degree, ORS 163.365(1)(b), and, if she is under 12, it is rape in the first degree. ORS 163.375(1)(b). Under ORS 163.325, the defendant's reasonable belief that the victim was older than 12 or 14 is a defense to rape in the first or second degree, but his reasonable belief that she was older than 16 is not a defense to rape in the third degree. As a result, a man who has intercourse with a girl under 16 has committed a crime,[3] regardless of whether he knew or did not know her age.

The crime is more serious if the victim is under 12 or 14 than if she is older than those ages but under 16. The legislature has permitted a defendant who makes a reasonable mistake as to the younger ages to avoid the enhanced liability for the intercourse, but it has not permitted him to avoid all liability. The legislature has determined that a person who made a reasonable mistake about the younger ages should not be subjected to the greater punishments, but that any person who has intercourse with a girl under 16 should be punished in order to encourage men not to become involved with underage girls. There is a rational relationship between the statute and the legislative purpose of protecting adolescents from sexual

---

[1] ORS 163.345 provides a defense that the defendant was less than three years older than the victim "at the time of the alleged offense." That defense is available whatever the victim's age. At the time of these offenses defendant was in his mid-40's.

[2] The sodomy statutes, ORS 163.385-163.405, are essentially identical to the rape statutes except for being gender-neutral. Our analysis is the same under the sodomy statutes as under the rape statutes.

[3] A Massachusetts judge made the point succinctly in instructing a jury that, under a similar law: "[I]f you are convinced beyond a reasonable doubt that he did have sexual relations with her and you are convinced beyond a reasonable doubt that she was under sixteen . . ., the defendant is guilty." *Commonwealth v. Nelson,* 17 Mass App 947, 457 NE2d 303, 304 (1983).

exploitation. The law does not provide some persons privileges which are not available to others on the same terms. It thus violates neither federal equal protection nor state equal privileges requirements.

■ Because rape in the third degree is a strict liability crime, the state does not need to prove a culpable mental state in order to obtain a conviction. In this respect, ORS 163.355 is similar to most statutory rape provisions, which have been and are strict liability crimes without culpable mental state elements. A reasonable mistake as to the victim's age is thus not a defense. *See Annot.,* 8 ALR 3d 1100 and Supp. Oregon law has been much the same at least since 1864. *See* Gen Laws of Oregon, Crim Code § 521 (Deady, 1864) ("If any person shall carnally know any female child, under the age of fourteen years, * * * such person shall be deemed guilty of rape * * *.").[4] The issue is whether it is constitutional for statutory rape to be a strict liability crime.

Defendant argues that the requirement of a culpable mental state for conviction of a crime is a fundamental right guaranteed by Article I, section 33, of the Oregon Constitution.[5] It may be, as has been suggested, that that provision preserves "such 'unenumerable' rights as were of constitutional magnitude in 1859, that is to say, rights specifically against government and 'so rooted as to be fundamental.' " *State v. Burrow,* 293 Or 691, 713, 653 P2d 226 (1982) (Linde, J., dissenting). Defendant has not directed us to anything which indicates that a culpable mental state for the crime of statutory rape was considered to be constitutionally required in 1859; the lack of a culpable mental state provision in the 1864 act indicates otherwise. There is no state constitutional violation.

The United States Supreme Court has held that a state does not violate federal due process requirements by punishing a person for an act when a person is ignorant of the

_____

[4] No Oregon case specifically had held that reasonable mistake as to age was not a defense before the adoption of the current criminal code, but the statutes were consistent with the general rule elsewhere, and we conclude that Oregon would have followed that rule.

[5] Or Const, Art I, § 33, provides:

"This enumeration of rights, and privileges shall not be construed to impair or deny others retained by the people."

facts which make it a crime. "Mistaken notions about one's legal rights are not sufficient to bar prosecution for crime." *Williams v. North Carolina,* 325 US 226, 238, 65 S Ct 1092, 89 L Ed 1577 (1945); *but see Smith v. California,* 361 US 147, 80 S Ct 215, 4 L Ed 2d 205 (1959) (prosecution of bookseller for selling obscene books without proof he knew they were obscene violates the First Amendment). Nothing in more recent Supreme Court cases indicates that the court would hold that the Fourteenth Amendment requires a culpable mental state for statutory rape. *See Nelson v. Moriarty,* 484 F2d 1034 (1st Cir 1973). Defendant has shown no constitutional infirmities in the rape or sodomy statutes.

■ Defendant's final argument is that there is insufficient evidence to sustain his conviction for rape in the third degree in case No. A28318. We agree and reverse that conviction. The indictment charged that he committed the crime on May 24, 1981. The only evidence on the charge came from the alleged victim. She first testified that that date was defendant's birthday, that she recalled nothing of a sexual nature on that date and that her diary had nothing sexual in it for that date. On the next day at trial, she testified that she had remembered more:

> "A.   That on his birthday they showed some — a picture of Suzie [the woman who had previously lived with defendant and his family]. And his wife baked a cake that looked like a bed and he said he always wants two women in bed with him both at the same time. He said he wondered if we should do the same thing he did with Suzie and that was with Vern and his wife and Suzie together all on the same bed. And I replied, 'No.'
>
> "Q.   So what happened then?
>
> "A.   So then I went to bed and later that night he came in there."

She did not testify that she had intercourse with defendant after he came into her room that night. She testified to having intercourse with defendant on other dates and that she did not write every incident of intercourse in her diary, because it got boring writing the same things. It may be that after defendant came into her room on May 24 they had intercourse. One might even surmise from her testimony that they did. However, she could have said so but did not. The jury was left to

speculate on a critical element of the charge. Her testimony is insufficient for a jury to find defendant guilty beyond a reasonable doubt.

Judgment in No. A28318 reversed; other judgments affirmed.