Argued and submitted September 30, 1985, affirmed April 9, 1986

STATE OF OREGON,
*Respondent,*

*v.*

CHAD RAYMOND HOEHNE,
*Appellant.*

(84-2557; CA A35406)

717 P2d 237

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore

### GILLETTE, P. J., Pro Tempore

Defendant appeals his convictions on two counts of sodomy in the second degree, ORS 163.395, one count of DUII, *former* ORS 487.540,[1] and one count of furnishing alcohol to a minor. ORS 471.410. He argues that (1) the court should have acquitted him of the sodomy charges because he proved an affirmative defense of reasonable mistake as to the age of the victim, and (2) the combined sentences on all of the charges were excessive. We affirm.

Defendant was originally stopped for driving the wrong way on a one-way street. Because the officers detected a moderate odor of alcohol, they asked him to perform field sobriety tests; they then concluded that he was under the influence of intoxicants. The officers found a 13-year old boy sleeping in the back seat of defendant's car. The boy had an alcohol smell on his breath and told the officers that defendant had given him beer. The boy was upset; he eventually described the occurrences which are the basis for the sodomy charges. Defendant later admitted those facts under police questioning, stating, however, that he believed the boy to be 15. There is other, uncontradicted, evidence that the boy appeared to be 15 or 16. The boy did not remember whether he had told defendant his true age.

At trial, defendant pled guilty to DUII and to furnishing alcohol to a minor. The sodomy counts were tried to the court on stipulated facts. Defendant's defense was reasonable mistake as to the victim's age. The court did not question that defendant had made a reasonable mistake but held that the defense is not available when the victim is under 16. Defendant was found guilty and sentenced to concurrent 10-year terms, with 5-year minimums, on the sodomy counts and to concurrent one-year terms, to run consecutively to the other sentences, on the remaining charges.

A person who engages in deviate sexual intercourse with a victim who is under 14 years of age commits sodomy in the second degree. ORS 162.395(1)(b). The crime is sodomy in the third degree if the victim is 14 or 15 years of age. ORS

---

[1] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978, and was replaced by Or Laws 1983, ch 338, § 587, *amended by* Or Laws 1985, ch 16, § 293 (now ORS 813.010), effective January 1, 1986.

163.385. At issue in this case is the applicability of the defense provided in ORS 163.325:

"(1) In any prosecution under ORS 163.355 to 163.445 in which the criminality of conduct depends on a child's being under the age of 16, it is no defense that the defendant did not know the child's age, or that he reasonably believed the child to be older than the age of 16.

"(2) When criminality depends on the child's being under a specified age other than 16, it is an affirmative defense for the defendant to prove that he reasonably believed the child to be above the specified age at the time of the alleged offense."

Although the defense in ORS 163.325(2) can be read to apply to all rape and sodomy offenses in which age is an element, the trial court held, and the state argues on appeal, that it is limited to offenses in which the victim is older than 16 but younger than 18, the age of consent. ORS 163.315(1).

We recently treated the statute as providing a defense for all offenses except those which depend on the victim being under 16. *State v. Jalo,* 72 Or App 479, 482, 696 P2d 14, *rev den* 299 Or 443 (1985). In *Jalo,* the victim was 15 years old, but the defendant claimed to believe that she was at least 16. We held that the mistake of age defense was not available to the defendant and that the statute was not unconstitutional because it made the defense unavailable. Our focus was on the strict liability aspect of the age 16 provision but, in explaining the statute's operation, we said:[2]

"Under ORS 163.325, the defendant's reasonable belief that the victim was older than 12 or 14 is a defense to rape in the first or second degree, but his reasonable belief that she was older than 16 is not a defense to rape in the third degree. * * *

"The crime is more serious if the victim is under 12 or 14 than if she is older than those ages but under 16. The legislature has permitted a defendant who makes a reasonable mistake as to the younger ages to avoid the enhanced liability for the intercourse, but it has not permitted him to avoid all liability. The legislature has determined that a person who

---

[2] The victim in *Jalo* was a female, and we referred throughout our opinion to her in the female gender. However, we noted that the same analysis would apply under the sodomy laws, which are gender neutral. *State v. Jalo, supra,* 72 Or App at 482 n 2.

made a reasonable mistake about the younger ages should not be subjected to the greater punishments, but that any person who has intercourse with a girl under 16 should be punished in order to encourage men not to become involved with underage girls." 72 Or App at 482.

Not surprisingly, defendant relies on that statement in *Jalo* which, if correct, requires reduction of his two sodomy convictions to sodomy in the third degree. ORS 163.385. We conclude, however, that our construction of the pertinent statutes in *Jalo* was incorrect.

The quoted portion of *Jalo,* purporting to describe the operation of the affirmative defense provided in ORS 163.325(2), was *dictum.* The state argues that, because the legislature changed the crucial age from the original proposal of 12 years to the finally-enacted 16 years, it intended to provide the defense only when the criminality of the act depended on the victim being older than 15. That is, the statute should be read as saying, "When criminality depends on the child's being under a specified age *other than 15 or under,"* the defense applies. This is a permissible construction of the language, but not a necessary one—as our *dictum* in *Jalo* demonstrates. The question is: What did the legislature intend?

■ The legislative history, although sparse, supports the state's view. ORS 163.325 was enacted as part of the omnibus criminal code. (Or Laws 1971, ch 743, § 106.) As we noted, it originally provided that the crucial age would be 12, rather than 16. It was amended to its present form in the House Judiciary Committee, which discussed the operation of the defense of reasonable mistake of age as proposed by the Criminal Law Revision Commission. The committee chairperson explained that no defense was available when a victim was below the age of 12, based on a recognition that younger victims of the sex crimes are more susceptible to injury than are older victims. Substantial dissatisfaction with the 12-year old limit arose, leading ultimately to the amendment substituting 16 years of age. There was absolutely *no* consideration of the rationale put forward by this court in *Jalo* (that the defense was available for first and second degree rape but that strict liability applied at the third degree level). Immediately before the final vote, an unidentified committee member asked and was answered by the chairperson as follows:

"Q.  What does that [the amendment] do to rape in the third, second and first degree?

"A.  Rape in the what?

"Q.  Third, second and first degree.

"A.  No defense * * *."

We construe ORS 163.325 accordingly.

■    The court correctly refused to consider defendant's affirmative defense to the charges of sodomy in the second degree. Those convictions are affirmed. We also affirm the DUII and furnishing alcohol to a minor convictions. Defendant's attack on the sentences is not well taken. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

Affirmed.