Argued and submitted February 11, reversed and remanded October 2,
reconsideration denied December 18, 1991, petition for review denied
January 28, 1992 (312 Or 589)

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent,*

*v.*

Craig LIMBOCKER
and Linda Rae Mehling,
*Appellants,*

MACRON SYSTEMS, INC.,
*Respondent.*

(16-89-10456; CA A65244)

818 P2d 527

Marc A. Spence, Eugene, argued the cause for appellants. With him on the briefs was Horton & Koenig, Eugene.

John B. Arnold, Eugene, argued the cause for respondent Farmers Insurance Company of Oregon. On the brief were Dennis W. Percell, B. Kevin Burgess, and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

No appearance for respondent Macron Systems, Inc.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., retired.

## DEITS, J.

Defendants[1] appeal the summary judgment for plaintiff insurer (Farmers) in its action for a declaratory judgment, holding that it had no duty to defend or indemnify its insured, defendant Limbocker, in defendant Mehling's action against him. We conclude that summary judgment was not proper, because there was a genuine issue of material fact. Accordingly, we reverse.

In January, 1988, Limbocker was asked to leave a tavern where he had consumed approximately four mixed drinks. On his way toward the back door, he turned to go to the toilet. He heard someone say, "I'll throw the SOB out." Immediately after that, someone tapped him on the arm. He did not know who it was, but he swung his arms and hit a person who was behind him. He was charged with assault in the fourth degree and harassment. He pled guilty to the assault. The person whom he assaulted, Mehling, sued him and his employer on theories of assault, battery and negligence. Limbocker's insurer, Farmers, then brought this proceeding, seeking a declaration that it had no duty to defend him in the civil action. Farmers moved for summary judgment on the basis that Limbocker's conviction for fourth degree assault precluded him from arguing that his conduct did not come within the policy exclusion for intentional conduct. The trial court granted the motion.

We review the record in the light most favorable to the party opposing the motion for summary judgment to determine whether the record contains any genuine material issue of fact. *Forest Grove Brick v. Strickland,* 277 Or 81, 84-85, 559 P2d 502 (1977).

The pertinent language of Limbocker's policy provides that Farmers will pay

"all damages from an *occurrence* which an *insured* is legally liable to pay because of *bodily injury* or *property damage* covered by this policy.

"At our expense we shall defend an *insured* against any covered claim or suit. We may investigate and settle any

---

[1] Defendant Macron Systems, Inc., Limbocker's employer, did not participate in this appeal.

claim or suit that we consider proper." (Emphasis in original.)

"Occurrence" is defined in the policy as:

"[A] sudden event, including continuous exposure to the same conditions, resulting in *bodily injury* or *property damage* neither expected nor intended by the insured." (Emphasis in original.)

The trial court held that Farmers had no duty to defend, because Limbocker's conduct was intentional and, therefore, was not an "occurrence" under the policy. In construing similar language, we have held that the determination of whether an insurer is relieved from defending an action on the ground that the conduct was intentional depends on the allegations of the complaint. *Cunningham & Walsh, Inc. v. Atlantic Mutual Ins.*, 88 Or App 251, 254, 744 P2d 1317 (1987), *rev den* 305 Or 102 (1988). An insurer is required to defend an action if any of the allegations of the complaint would entitle the insured to coverage, even if the complaint also includes allegations of conduct that would not be covered.

"It is not sufficient that the insured's intentional, albeit unlawful, acts have resulted in unintended harm; the acts must have been committed for the purpose of inflicting the injury and harm before either a policy provision excluding intentional harm applies or the public policy against insurability attaches.

"* * * There are some intentional acts the nature of which is such that it must necessarily be concluded that there was an intention to injure." *Nielsen v. St. Paul Companies*, 283 Or 277, 281, 583 P2d 545 (1978). (Citations omitted.)

Mehling alleged that Limbocker struck her with the intent to injure her. That allegation would come within the exclusion from coverage for intentional acts. However, in her third claim for relief, Mehling also alleged that Limbocker struck her negligently. On its face, that allegation would require Farmers to defend. Plaintiff contends, however, that, despite that allegation, coverage is excluded for two reasons: First, Limbocker's plea of guilty to assault precludes him from now arguing that he did not act intentionally and, second, because the nature of his act "is such that it must

necessarily be concluded that there was an intention to injure."

■       We do not agree that Limbocker's guilty plea precludes him from arguing that he did not intend to harm Mehling. He pled guilty only to "recklessly" causing injury to Mehling by "striking [her] about the head and neck."[2] Under the statutory definition, "intent" exists when "a person acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). Conduct is "reckless," however, when a person is

> "aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

Limbocker's admission in his guilty plea that he acted recklessly does not establish conclusively that he acted with intent to harm Mehling.

■       We also do not agree that the nature of Limbocker's act requires, as a matter of law, an inference that he intended to harm Mehling. We have held that, under some circumstances, it is appropriate to infer intent to harm as a matter of law. For example, in *Mutual of Enumclaw v. Merrill,* 102 Or App 408, 794 P2d 818, *rev den* 310 Or 475 (1990), we inferred intent to harm from the insured's act of sexually molesting the victim. We explained:

> "The fact that Merrill did not subjectively intend the specific injuries that defendant sustained — or any injuries — does not matter, because an injurious intent is necessarily inferred from this type of intentional misconduct. Defendant's contrary argument is little short of absurd. One of the reasons sexual abuse of a child is a tort — and a crime — is because of the great risk that the child will be physically or emotionally harmed. *See State v. Jalo,* 72 Or App 479, 696 P2d 14, *rev den*

---

[2] We do not imply that fourth degree assault never involves intentional conduct. ORS 163.160 provides, in part:

> "(1) A person commits the crime of assault in the fourth degree if the person:

> "(a) Intentionally, knowingly or recklessly causes physical injury to another * * *."

299 Or 443 (1985); *Commentary, Proposed Oregon Criminal Code, Final Draft and Report* 108, § 106 (1970). It would be wholly anomalous for us to hold, as we did in *Cunningham,* that a harmful intent is inferable from intentional deceit, but to hold here that no such inference arises from the intentional sexual abuse of a child." 102 Or App at 412.

In *Cunningham & Walsh, Inc. v. Atlantic Mutual Ins., supra,* 88 Or App at 255, we held that a civil complaint alleging misrepresentation and deceit necessarily implies the intentional infliction of harm.

■ Although a trier of fact could conclude that Limbocker intended to injure whoever was behind him in the bar, it is not a necessary inference. *See Snyder v. Nelson/ Leatherby Ins.,* 278 Or 409, 564 P2d 681 (1977). There was no act, such as sexual molestation or deceit, where intent to harm is inferred as a matter of law. *See State Farm Fire & Cas. v. Reuter,* 299 Or 155, 700 P2d 236 (1985). Viewing the record in the light most favorable to the non-moving party, we conclude that there is a genuine issue of material fact regarding intent and that summary judgment should not have been granted.

Reversed and remanded.