MICHAEL A. GEROKOULIS & others, trustees, *vs.* EDWARD E. COHEN.

Suffolk.     October 8, 1959. — December 9, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Attorney at Law. Contract,* Construction, For attorney's fee.

Under a contract between a former owner of land and an attorney at law employed by him to effect a settlement of his claim against a city for a taking of the land in fee, providing that the attorney's fee should be a stated percentage of "the gross settlement obtained," the attorney was entitled to such percentage of the entire amount of a settlement made with the city and not merely to such percentage of the net amount received by his client after deduction from the entire amount of a sum paid by the city to a mortgagee of the land in satisfaction of the mortgage debt.

BILL IN EQUITY, filed in the Superior Court on February 19, 1957.

The plaintiffs appealed from a final decree dismissing the bill entered after hearing by *Gourdin, J.*

*Walter Powers, Jr.,* for the plaintiffs.

*Alfred A. Albert,* for the defendant.

WILLIAMS, J.  This is a bill for an accounting of money retained by the defendant as a fee for legal services performed as attorney for the plaintiffs.  The material facts as found by the trial judge are as follows:  The plaintiffs as trustees of the Gerokoulis Realty Trust owned a parcel of land on Harrison Avenue in Boston, the fee of which was taken by the city under an order of taking entered September 19, 1955.  On January 18, 1956, the trustees employed the defendant, an attorney at law, to effect a settlement of their claim for damages under a written agreement as to his fee which, so far as material, read as follows:  "That as compensation for effecting the settlement with said city of Boston, there shall be a fee equal to fifteen per cent (15%) of the gross settlement obtained paid to the said Edward E. Cohen as attorney for the said trust."  The land was subject to first and second mortgages given by the plaintiffs to one Poorvu.  Early in 1956 this mortgagee brought action against the city, under G. L. c. 79, § 32, to obtain compensation for the taking of his interests, and in the following May the defendant brought action under § 14 in behalf of the plaintiffs for the taking of the fee.  The two actions were consolidated for trial.  At the trial the defendant presented the cases and the attorney for the mortgagee "sat in."  In the course of the trial a settlement was effected with the city in the agreed amount of $85,347.28.  The city paid the mortgagee $55,596.32, which sum included the amount due by the plaintiffs for principal and interest on the mortgages on the Harrison Avenue property and by stipulation $10,000 owed by the plaintiffs to Poorvu on a mortgage held on another property.  The city paid the defendant as attorney for the plaintiffs $29,750.96 out of which the defendant retained $12,802.09 which was fifteen per cent of $85,347.28, and paid his clients the balance of $16,948.87.

The plaintiffs contend that the defendant was entitled

only to fifteen per cent of the amount paid by the city to him. The judge, however, found that the defendant properly retained fifteen per cent of $85,347.28, which was the "gross settlement obtained" and entered a final decree dismissing the bill. From this decree the plaintiffs appealed.

There appears to be no ambiguity in the agreement. It provides for payment to the attorney of a fee equal to fifteen per cent of the gross settlement obtained and not of a percentage of the sum which after adjustment of mortgagee interests might be paid to him for his clients. The claim which he was employed to collect was compensation for the value of the fee taken by the city. This was agreed by the parties to be $85,347.28 and was the amount of the gross settlement effected. That under G. L. c. 79, § 33, the "entire damages" may at law be apportioned among mortgagor and mortgagees does not affect the amount of the mortgagor's claim. See *Bates* v. *Boston Elev. Ry.* 187 Mass. 328, 337, 338; *Taber* v. *Boston*, 190 Mass. 101, 104–105. The payments by the city to the mortgagee exonerated the plaintiffs from their obligation to Poorvu and are to be considered as if paid directly to them. There was no error in the decree and it is affirmed with costs of the appeal.

*So ordered.*