GEORGE J. ELBAUM & another *vs.* JANET A. SULLIVAN.

Suffolk.    May 11, 1962. — July 2, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Lien,* Attorney's lien. *Attorney at Law. Equity Jurisdiction,* Attorney's lien. *Equity Pleading and Practice,* Appeal, Exceptions, Suit to enforce attorney's lien.

A proceeding under G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1, to "determine and enforce" an attorney's lien for reasonable fees and expenses is governed by equity rules with respect to pleading, practice and procedure, but is at law with respect to the establishment of an indebtedness of the client to the attorney.    [663–665]

An appeal does not lie from a finding for the petitioner in a proceeding under G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1, to establish an attorney's lien.    [665]

In a proceeding to establish an attorney's lien under G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1, brought to this court on a bill of exceptions, an exception to a general finding for the petitioner raised the question whether the finding was warranted by the evidence.    [665]

The amount of a fee awarded to an attorney against a client who had engaged him to prosecute a claim on a life insurance policy was justified on evidence showing that, although the attorney was discharged and another attorney engaged following a trial terminating in a disagreement of the jury and an offer of settlement in a comparatively small sum, the full amount of the claim was ultimately recovered upon a second trial and the services contributed by the first attorney toward that result were substantial.    [665–667]

PETITION filed in the Superior Court on May 25, 1961.

The case was heard by *Tomasello, J.*

*David W. Walsh (Walter J. Hurley* with him) for the respondent.

*George A. Goldstein & Frank G. Lichtenstein,* for the petitioners, submitted a brief.

SPALDING, J.   This is a petition by George J. Elbaum and Frank J. Lichtenstein to establish an attorney's lien under G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1. The judge found for the petitioner Elbaum in the sum of $3,200.   He found for the respondent with respect to the petitioner Lichtenstein and ordered the petition dismissed as to him.

At the threshold lies a question of procedure.   The respondent evidently was in doubt as to whether the proceedings were on the law or the equity side of the court and brought the case here both by a bill of exceptions and appeal.   It becomes necessary, therefore, to determine the nature of the proceedings and the practice and procedure which are to govern them.   There appear to be no cases under the statute which shed any light on this subject.

General Laws c. 221, § 50, provides: "From the authorized commencement of an action . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses . . . upon the judgment . . . in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.   Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien . . . ."   The lien upon the judgment created by § 50 is obviously not a possessory lien since there can be no possession of a judgment.   Rather it is a charging lien which binds the judgment for the fees and expenses rendered and incurred by an attorney with respect to a particular action.[1]   Concerning a lien of this nature it has been

---

[1] Apparently in England and in some jurisdictions in this country an attorney has at common law a charging lien, which entitles him to receive from the proceeds of a judgment compensation for his services performed in obtaining

said that it is "merely a claim to the equitable interference of the court to have that judgment held as a security for . . . [the attorney's] debt." *Bruce* v. *Anderson,* 176 Mass. 161, 163. See *Matter of King,* 168 N. Y. 53, 59; Lummus, The Law of Liens, § 133.

We are of opinion, therefore, that with respect to matters of pleading, practice and procedure, petitions to enforce a lien under § 50 should be governed by the rules applicable to suits in equity.

But the proceeding is not wholly equitable. As in the case of bills to reach and apply (see *Stockbridge* v. *Mixer,* 215 Mass. 415) there is a law aspect to the proceeding. The statute authorizes the court to "determine and enforce" the lien. The determination of whether the lien exists, and, if so, for how much, involves questions of contract under the common law. That the Legislature recognized the legal element involved is evidenced by § 50B which provides that the "court shall determine all claims in a summary manner, but without abridging the right of trial by jury as guaranteed by the constitution." What was said in *Stockbridge* v. *Mixer, supra,* concerning bills to reach and apply, is pertinent here. "This clause of the statute [now G. L. c. 214, § 3 (7)] combines in a single proceeding two different matters or steps in procedure, one at law and the other in equity. The first is the establishment of an indebtedness on the part of the principal defendant to the plaintiff. The second is the process for collecting the debt, when established, out of property rights which cannot be reached on an execution. In essence the first is an action at common law and the second a well recognized head of relief in chancery. . . . [T]he defendants are entitled to trial by jury respecting the debt alleged to be due from them to the plain-

---

the judgment. *Matter of Heinsheimer,* 214 N. Y. 361. *Goodrich* v. *McDonald,* 112 N. Y. 157, 163. *Weed Sewing Mach. Co.* v. *Boutelle,* 56 Vt. 570. Restatement 2d: Agency, § 464 (e). Such a lien seems never to have been recognized at common law in this Commonwealth. *Getchell* v. *Clark,* 5 Mass. 309. *Baker* v. *Cook,* 11 Mass. 236. *Blake* v. *Corcoran,* 211 Mass. 406, 407. It is entirely the creature of statute. Prior to St. 1945, c. 397, § 1, an attorney was given a lien on the execution or judgment for his "fees and disbursements" (G. L. c. 221, § 50) but the fees covered by the lien were the nominal fees allowed by G. L. c. 261, § 23. *Check* v. *Kaplan,* 280 Mass. 170, 174, and cases cited.

tiff. They are not entitled to a trial by jury respecting the other branches of the case which relate to remedy and which are purely equitable in their nature.''[1] (P. 418)

With these principles in mind we turn to (1) the appeal and (2) the exceptions. A suit in equity can come to this court by exceptions as well as appeal. *Flint* v. *Codman,* 247 Mass. 463, 468. G. L. c. 231, §§ 113, 144. It has been said that it is ''much the preferable method to bring to the full court questions of law arising in equity by appeal.'' *Sullivan* v. *Roche,* 257 Mass. 166, 169. But here the appeal was not from a final decree and has no standing. *Fusaro* v. *Murray,* 300 Mass. 229, 230. The appeal, therefore, is dismissed.

The bill of exceptions brings before us the respondent's exception to the general finding for the petitioner Elbaum. ''When a suit in equity comes to this court by a bill of exceptions and not by appeal, the only question of law as to findings of fact is whether there is evidence to support them.'' *Flint* v. *Codman,* 247 Mass. 463, 468. See *Porter* v. *Porter,* 236 Mass. 422, 425. In this respect the equity practice appears to differ from the practice at law, where it is settled that an exception to a general finding does not raise the question whether the finding is warranted on the evidence. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 556–557, and cases cited. *DiCicco* v. *Graphic Mach. Corp.* 329 Mass. 695, 696. Compare *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167.

The challenged finding was, ''The court finds for the petitioner George J. Elbaum and assesses damages in the sum of thirty-two hundred ($3,200) dollars and establishes lien in said sum.'' We shall proceed to an analysis of the evidence set forth in the bill of exceptions in order to determine whether it warrants this finding.

The evidence was as follows: On July 24, 1957, the respondent engaged Mr. Elbaum to represent her in a claim against the John Hancock Mutual Life Insurance Company to recover the sum of $19,921.85 plus interest on a life insur-

---

[1] In the case at bar no claim was made for jury trial.

ance policy. The respondent was the widow of the insured and the beneficiary named in the policy. Mr. Elbaum told the respondent that he "would charge a fair and reasonable fee which would be an amount equal to one-third of the fair value of the policy and that he would expect her to pay the costs from time to time as they were incurred, and that if he was not able to recover in the action, his fee would be reasonable." The respondent assented. Mr. Elbaum engaged, with the respondent's consent, Mr. Lichtenstein as trial counsel with the understanding that there was to be no additional fee for his services. In April, 1959, the case was tried to a jury and there was a disagreement. While preparing for a retrial of the case, Mr. Elbaum received an offer of settlement in the amount of $2,500. In December, 1959, Mr. Elbaum received a telephone call from David Walsh, an attorney, who stated that he had been asked by the respondent "to obtain the file" so that he could review the offer of settlement and advise her what to do. On December 15, 1959, Mr. Elbaum received a letter from the respondent discharging him as counsel. On the same day, Mr. Walsh entered his appearance in the case. On a retrial of the case there was a verdict for the plaintiff (respondent here) in the sum of $23,278.21. The defendant's exceptions were overruled by this court in *Sullivan* v. *John Hancock Mut. Life Ins. Co.* 342 Mass. 649.

We are of opinion, having in mind the principles governing attorney's fees set forth in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569, that it cannot be said that the finding for the petitioner in the sum of $3,200 was unwarranted. The petitioner testified that the fair value of the services of himself and Mr. Lichtenstein was $4,000, and that in arriving at this amount he took into consideration "the final result in the case." A Boston attorney, called by the petitioner, testified that the fair value of the services rendered by the petitioner and Mr. Lichtenstein was $3,500. He likewise took into consideration the end result in the case. There can be no doubt that ordinarily one of the factors to be considered in fixing a fee is the result secured.

*Cummings* v. *National Shawmut Bank, supra,* at p. 569. Here the petitioner was not counsel throughout the entire case. If the petitioner's services are looked at solely on the basis of what happened up to the time he was discharged, without viewing the case as a whole, the amount awarded by the judge would be hard to justify. At the time the petitioner's services were terminated, the only recovery in sight was an offer of $2,500. But the case ought not to be considered on a piecemeal basis; it should be looked at in its entirety. The attorneys participating in the case were entitled to be compensated on the basis of their several contributions to the ultimate result achieved. The judge could have found that the services contributed by the petitioner and his associate toward this result were substantial. So considered, the award of $3,200 was not unwarranted.

We have not overlooked the fact that the judge granted the respondent's fifth request which reads, "In determining the reasonable value of the services of the petitioners or either of them, the court will not consider any work performed or result accomplished subsequent to the date on which the said petitioners were discharged by the respondent." This ruling, in so far as it excluded from consideration the result accomplished after the petitioner's services were terminated, was too favorable to the respondent. "A correct decision will be sustained even though the ground stated for it may be unsound." *Weidman* v. *Weidman,* 274 Mass. 118, 125.

We have considered all of the questions argued by the respondent and have dealt with such of them as required discussion.

Since, as we hold, the practice and procedure are governed by the rules obtaining in equity, a final decree is to be entered in accordance with the finding of the judge.

*Appeal dismissed.*
*Exceptions overruled.*