JOHN HUTNAK, JR., *vs.* JANICE F. DARGAN. April 18, 1974. The exceptions alleged in this substitute bill of exceptions by the defendant seller relate to the admission and exclusion of evidence at the trial before a judge of the Superior Court of a bill in equity brought by the buyer for specific performance of an agreement for the purchase and sale of real estate. See *Sullivan* v. *Roche,* 257 Mass. 166, 169 (1926); *Elbaum* v. *Sullivan,* 344 Mass. 662, 665 (1962). The seller answered that the agreement had been induced by fraud. The trial judge ordered specific performance and made detailed findings of fact " [b]ased upon the credible evidence before [him]" that "the Dargans, have in no way sustained by any credible evidence that they were misled by the Hutnaks or their attorney, nor were there any false representations of any kind made by the Hutnaks or their attorney to

the Dargans," and that "the only reason that the Dargans wanted to breach their agreement . . . is that they thought there was a possibility of getting more money from Harry Bedoian," who "encouraged this litigation of questionable merit" and underwrote its expense. The bill of exceptions is extremely sketchy; it does not summarize the testimony at the trial in enough detail to provide a context sufficient to sustain the defendant's burden of showing that the evidentiary rulings, even if erroneous, were prejudicial. *H. E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 322-323 (1966), and cases cited. Indeed, the bill of exceptions does not even profess to contain all the evidence material to the exceptions alleged (*Furbush* v. *Connolly,* 318 Mass. 511, 512 [1945]; *Donovan* v. *Mac-Gray Co. Inc.* 358 Mass. 813 [1970]), and the court apparently would not allow the bill unless its findings of fact and the transcript were incorporated in it. The incorporation of the transcript was improper. *Commonwealth* v. *McGrath,* 361 Mass. 431, 433 (1972). See *Bristol Wholesale Grocery Co. Inc.* v. *Municipal Lighting Plant Commn. of Taunton,* 347 Mass. 668, 671 (1964). See Rule 1:22 (4) of the Appeals Court, as amended, 1 Mass. App. Ct. 898 (1972). We have, however, examined the exceptions argued by the defendant on the whole record before us. The exceptions have no merit. The only one we need note relates to the exclusion of opinion evidence, offered by the defendant's expert, of the value of the property in question. The offers of proof indicated a value considerably greater than the agreed price. The short answer is that the trial judge in his findings of fact specifically refers to this evidence as "fantastic." Had he admitted it, as he might well have, it could not have aided the defendant since the judge obviously disbelieved it.

*Exceptions overruled.*

*C. A. Peairs* for the defendant.
*Joseph S. Virostek* for the plaintiff.