DENNIS M. COLLINS & others[1] *vs.* TOWN OF WEBSTER.

No. 87-634.

Worcester. February 10, 1988. — May 3, 1988.

Present: GRANT, PERRETTA, & FINE, JJ.

*Eminent Domain,* Proceedings for damages, Compensation of attorney. *Mortgage,* Real estate. *Lien. Attorney at Law,* Contingent fee agreement. *Contract,* Attorney. *Statute,* Construction.

On an appeal from the denial of a motion filed by one of the plaintiffs in an eminent domain action, the mortgagee of the property taken by the defendant town, for relief under Mass.R.Civ.P. 60(b)(6), after the attorney for the other plaintiffs, the mortgagors, had expressed his intention to take his fee from the judgment fund before the full amount of the mortgage was paid to the mortgagee, it was held that, although G. L. c. 79, § 33, provided the mortgagors' attorney with a lien for his fee on the mortgagors' share of the fund, the statute did not authorize such a lien on the mortgagee's share, where, under G. L. c. 221, § 50, the attorney had a lien only "upon his client's cause of action [against the town for the damages sustained by them by reason of the taking of their equity of redemption in the premises] and upon the proceeds derived therefrom," rather than upon the mortgagee's separate and distinct cause of action for the damages sustained by him by reason of his loss of his security interest in the premises, and where, moreover, an attorney's lien is enforceable only to the extent of the judgment in favor of his client. [749-750]

CIVIL ACTION commenced in the Superior Court Department on October 13, 1981.

The case was tried before *Charles M. Grabau,* J., and a motion for relief from judgment was heard by *Mel L. Greenberg,* J.

*Peter C. Alessio* for Joseph Smoolca.
*Michael J. Michaeles* for Dennis Collins & another.

---

[1] Norma L. Collins and Joseph Smoolca.

FINE, J. The issue raised in this appeal arises out of a Superior Court judge's disposition of a motion filed by one of the plaintiffs, Joseph Smoolca, for relief under Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974), after a jury verdict against the defendant, the town of Webster, in an eminent domain action. Two statutes are involved: G. L. c. 79, § 33, dealing with apportionment of eminent domain damages between mortgagors and mortgagees; and G. L. c. 221, § 50, dealing with attorney's liens. We agree with Smoolca, a mortgagee of the property taken by eminent domain, that, in ruling on the motion, the judge incorrectly assumed that there was a conflict between the two statutes.

None of the facts relevant to the issue is in dispute. On January 13, 1981, Dennis and Norma Collins purchased real estate in the town of Webster from Smoolca. The purchase price was $65,000. Smoolca took back a $60,000 mortgage, payable over a term of ten years, with twelve percent interest. The town of Webster took the property by eminent domain on August 13, 1981, providing compensation in the amount of $20,000, which was paid to Smoolca. On October 13, 1981, the Collinses, by their attorney, Michael J. Michaeles, brought an action against the town of Webster for damages arising out of the taking and demanded a jury trial.[2] Smoolca, as mortgagee, was brought into the case by the town of Webster on July 9, 1982. On November 22, 1982, the Collinses also joined Smoolca as a party plaintiff. Smoolca, represented by his own attorney, filed a complaint against the town alleging, in addition to a right to damages, a right to have the taking set aside. The Collinses amended their complaint to include the same allegations that the taking was invalid. The invalid taking counts were heard separately and decided in favor of the town. A jury trial was then held on the damage issue. Both Smoolca and the Collinses were represented by counsel at trial, although it appears that Mr. Michaeles played by far the more active role. The jury found that the value of the property on the date of the taking was $77,500. The pro tanto payment of

[2] The Collinses failed to name Smoolca as a party in their original complaint, as they were required to do by G. L. c. 79, § 32.

$20,000 was deducted from that amount, interest was added, and judgment entered in favor of the Collinses and Smoolca, together, in the amount of $86,888.88.

The Collinses had a contingent fee agreement with Mr. Michaeles based upon the gross amount of damages over and above the $20,000 pro tanto payment, whether the recovery were to be achieved by judgment or settlement. Shortly after judgment entered, Mr. Michaeles wrote to Smoolca's attorney stating Mr. Michaeles's intention to take his fee from the judgment fund before the full amount due on the mortgage was paid to Smoolca. Relying on G. L. c. 79, § 33, Smoolca immediately moved under Mass.R.Civ.P. 60(b)(6) to have the original judgment vacated and to have separate judgments entered for the mortgagors and the mortgagee. At its request, the town was allowed to pay the amount of the judgment into court pending resolution of the dispute over its distribution to the parties. The motion judge denied Smoolca's rule 60(b)(6) motion. He ordered that the fund be paid out in the following order: first, Mr. Michaeles was to be paid his fee and expenses in accordance with the contingent fee agreement with the Collinses; second, Smoolca was to be paid what was due on the mortgage; and, third, any surplus was to be paid to the Collinses.

Smoolca's position was, and is, that payment of the amount due on the mortgage should come first. The language of G. L. c. 79, § 33, on its face, supports Smoolca's position. It provides: "If mortgagors or mortgagees begin or become parties to [eminent domain] proceedings, entire damages shall, upon final judgment, be assessed for the property taken, and such portion thereof as is equal to the amount then unpaid thereon shall be ordered to be paid to every mortgagee who is a party, in the order of his mortgage, and the remainder to the mortgagor; and separate judgment shall be entered accordingly for each mortgagee . . . ." Thus, recognizing the equitable right of a mortgagee originating in the common law, see *Bates v. Boston Elev. Ry.*, 187 Mass. 328, 337 (1905), the Legislature enacted a statutory provision to protect a mortgagee's interest in a compensation fund to the extent of the amount due on his

mortgage. Where a compensation fund is insufficient to cover the amount due on the mortgage, the mortgagee may be entitled to the entire fund. See *Collector of Taxes of Boston* v. *Revere Bldg., Inc.*, 276 Mass. 576, 578 (1931).

The Collinses contend that, notwithstanding the rights of mortgagees recognized by statute, an attorney's right to a fee may take precedence over the right of a mortgagee to be paid out of an eminent domain compensation fund. The statute on which the Collinses rely is G. L. c. 221, § 50, as appearing in St. 1945, c. 397, § 1, the attorney's lien statute. It provides: "From the authorized commencement of an action . . . in any court . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action . . . . Upon request of the client or of the attorney, the court in which the proceeding is pending . . . may determine and enforce the lien . . . ." The statute refers to "a charging lien [as opposed to a 'possessory' or 'retaining' lien] which binds the judgment for the fees and expenses rendered and incurred by an attorney with respect to a particular action." *Elbaum* v. *Sullivan*, 344 Mass. 662, 663 (1962).[3] Contending that the statute provides Mr. Michaeles with a lien on the entire amount of the compensation fund, the Collinses rely on *Gerokoulis* v. *Cohen*, 340 Mass. 54 (1959). *Gerokoulis* held that, in an eminent domain case, a fee agreement which provided that the mortgagor's attorney would receive a specified percentage of the "gross settlement obtained" (*id.* at 55) requires that the attorney's fee be calculated as a percentage of the total compensation award paid by the condemnor, despite the fact that a portion of the compensation fund must be paid directly to the mortgagee under G. L. c. 79, § 33. The question whether the attorney's lien attached to the portion of the judgment awarded to the mortgagee, however, did not arise. The dispute was between the client (the mortgagor) and his attorney, and the client's portion after payment of the

---

[3] For a discussion of both types of attorney's liens and their history in Massachusetts and elsewhere, see McCann, The Attorney's Lien in Massachusetts, 69 Mass.L.Rev. 68 (1984). See also *Elbaum* v. *Sullivan,* 344 Mass. at 663-664 n.1.

mortgage was sufficient to cover the attorney's fee. As the mortgagee had been paid in full the amount owed on the mortgage, the case does not provide support for the Collinses' contention.

The attorney's lien statute unquestionably provides Mr. Michaeles with the right to a lien on the Collinses' share of the compensation fund. In accordance with *Gerokoulis* v. *Cohen*, 340 Mass. at 56, if that share had been sufficient, the amount of the fee, and hence the lien, would be a percentage of the full amount of damages awarded by the jury. Apparently, however, that share is not sufficient to cover both the attorney's claim and the mortgage, and there was no agreement between Mr. Michaeles or his clients and the mortgagee with regard to a fee. The question is whether the statute authorizes a lien for Mr. Michaeles's fee also on the mortgagee's portion of the recovery. There are two reasons why it does not.

First, under G. L. c. 221, § 50, an attorney has a lien only "upon *his client's cause of action* . . . and upon the proceeds derived *therefrom*" (emphasis supplied). The proper interpretation of the quoted provision in a case such as the present requires an understanding of what occurs when mortgaged premises are taken by eminent domain. The taking gave rise to two separate and distinct causes of action. The mortgagors had a cause of action against the town for the damages sustained by them by reason of the taking of their equity of redemption in the premises. The mortgagee had an entirely different cause of action for the damages sustained by him by reason of his loss of his security interest in the same premises.

Second, the attorney's lien may be enforced only to the extent of the judgment in favor of the client. See *Herbits* v. *Constitution Indem. Co.*, 279 Mass. 539 (1932); *Check* v. *Kaplan*, 280 Mass. 170 (1932); *Tauro* v. *General Acc. Fire & Life Assur. Corp.*, 297 Mass. 234 (1937). It is true, as the Collinses emphasize, that since a 1945 amendment,[4] the attor-

---

[4] Prior to being amended in 1945, G. L. c. 221, § 50, read as follows: "An attorney who is lawfully possessed of an execution, or who has prosecuted a suit to final judgment in favor of his client, shall have a lien . . . ."

ney's lien statute has been worded in such a way that the lien is created at "the authorized commencement of an action . . . in any court." The language added to the statute by the 1945 amendment would affect a case which terminated with a monetary settlement favorable to the client. We do not think it affects the result in a case such as the present one. In *Torphy* v. *Reder*, 357 Mass. 153, 155-156 (1970), a case fully tried and decided long after the amendment, it was held that no attorney's lien would attach in the absence of a judgment or decree in favor of the client. There is nothing in the attorney's lien statute, therefore, that would require Smoolca, who pursued his own claim and was entitled to receive his own separate judgment, to pay a portion of the fee charged by the Collinses' attorney.

As the attorney's lien statute did not provide a basis for the judge's order that Mr. Michaeles's fee could be paid in part out of the mortgagee's judgment, Smoolca was entitled to the full benefit of G. L. c. 79, § 33. We recognize that the size of the jury verdict may have been due primarily to Mr. Michaeles's skill. The remedy available to him to obtain the fee to which he is entitled, however, is limited to enforcement of the lien he has on the Collinses' share of the compensation fund and, if necessary, an action against the Collinses for any remainder.

The case is remanded to the Superior Court for a determination of the amount due on the mortgage and for entry of a separate judgment for Smoolca in the amount so determined. The judgment for Smoolca is to be satisfied before any amount is paid to Mr. Michaeles or to the Collinses.

*So ordered.*