Dougan, J.
In this action, plaintiff-in-counterclaim, Marcel J. Murad (Murad), alleges that defendant-in-counterclaim, Liberty Mutual Insurance Company (Liberty), entered into a contract with Murad and thereafter breached that contract.
At trial, after Murad finished presenting evidence, the court allowed Liberty’s motion for a directed verdict which it treated as a motion to dismiss pursuant to Mass. R. Civ. P., Rule 41 (b) (2). This report followed.
FACTS
On or about March 4, 1986, Laurie J. Hurwitz hired Murad as her attorney in a personal injury suit on a contingent fee basis. On March 5th, Murad mailed a letter of representation to Liberty. Approximately four months later, on July 10, 1986, Ms. Hurwitz notified Murad that she was retaining Marc G. Melikian to represent her on her claim and requested that Murad forward the materials to him, which was done by Murad. On October 3, 1986, Murad sent a letter to Liberty stating that he had a lien on the case and requested that his name be included on any settlement checks. On December 2, 1986, Liberty sent aletter to Murad stating that they had received his lien notice. On November 11, 1987 Liberty issued a settlement check payable to Laurie Hurwitz and Marc G. Melikian, Attorney. No civil action was ever filed by either attorney representing Hurwitz on this claim.
Liberty was informed of Murad’s claim in January of 1990 when Liberty filed a complaint against Murad for failing to pay a workers’ compensation lien and Murad filed this counterclaim for unpaid attorney’s fees.
DTSCIISSTON
Under Massachusetts law, lack of any contractual relationship would preclude a successful breach of contract claim. Jurgens v. Abraham, 616 F. Supp. 1381 (1985).
Murad contends that his letter of October 3, 1986 asking Liberty to acknowledge his claimed lien and Liberty’s response that ithad received his letter constituted a valid contract. It is elemental that to establish a contract, there must be an offer and an acceptance. RESTATEMENT OF CONTRACT SECOND, §24 defines the term “offer” as follows: “An offer is the manifestation or willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.” Murad’s letter was simply a notice claiming to have a lien on any settlement check, and asking that Liberty acknowledge receipt of the letter, which Liberty did. Murad’s October 3, 1986 letter was not “a manifestation or willingness to enter into a bargain” and thus did not constitute an offer.
Additionally, RESTATEMENT OF CONTRACT SECOND, §50 defines the term “acceptance” as follows: “Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited as required by the offer.” Murad contends that Liberty accepted his claimed lien. Murad asked for confirmation from Liberty that it had received his notice of lien. However, acknowledging receipt of a notice of lien is not tantamount to accepting the validity of the lien.
Finally, G.L.c. 221, §50 in relevant part provides
*164 From the authorized commencement of an action... in any court... the attorney who appears for a client shall have a lien for his reasonable fees... upon the judgment... in his client’s favor entered or made in such proceeding and upon the proceeds derived therefrom.
Apparently Murad acted as if G.L.C. 221, §50 applied in this case. However, since no action was ever commenced, no statutory attorney’s lien came into being. Torphy v. Reder, 357 Mass. 153, 156 (1970), Collins v. Webster, 25 Mass. App. Ct. 745, 749 (1988).
For the reasons stated above, the trial court’s allowance of Liberty’s motion was correct and the report is dismissed.