Fecteau, J.
The parties have filed cross motions to determine the validity and priority of a lien asserted by Attorney Thomas Francis, under the provisions of G.L.c. 221, Sec. 50, on proceeds obtained in settlement of two actions he brought on behalf of his client H. Lee Bishop, a defendant herein, one, a crossclaim filed in this action, and the other, a separate suit filed on behalf of Bishop but related to the instant case. Each was settled after filing. Those proceeds were then captured by the plaintiffs herein by equitable attachments entered as part of the reach and apply aspect of their claim. The plaintiffs, as guarantors of bank loans obtained by the defendants who defaulted on their obligations, and after having paid the loans, brought suit against the defendants seeking contribution. The plaintiffs obtained a judgment against the defendants in the amount of $424,323.00. The equitable attachments have restrained the disbursement of approximately $300,000.00.
The motions at issue bring into sharp focus whether the attorney’s lien statute applies to settlements obtained following suit but for which no “judgment, decree or other order” is entered, and if so, whether the lien attaches upon the filing of the suit or upon the filing of a notice of lien or other request to determine or enforce the lien.
The attorney’s lien statute is as follows, in pertinent part:
From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client’s cause of action, counterclaim or claim, upon the judgment, decree or other order in his client’s favor entered or made in such proceeding, and upon the proceeds derived therefrom . . .
G.L.c. 221, Sec 50.
This was the result of a significant rewriting, in 1945, of its predecessor version, which stated:
An attorney who is lawfully possessed of an execution, or who has prosecuted a suit to final judgment in favor of his client, shall have a lien thereon for the amount of his fees and disbursements in the cause, but this section shall not prevent the payment of the execution or judgment to the judgment creditor by a person who has no notice of the lien.
*362 The first question which these motions ask is whether the attorney’s lien statute applies to settlements obtained without the benefit of court order or judgment. “It is true, as the Collinses emphasize, that since a 1945 amendment, the attorney’s lien statute has been worded in such a way that the lien is created at ‘the authorized commencement of an action ... in any court.’ The language added to the statute by the 1945 amendment would affect a case which terminated with a monetary settlement favorable to the client.” Collins v. Webster, 25 Mass.App.Ct. 745, 750 (1988). I interpret this language to indicate that the attorney’s lien statute applies to settlements of suits, notwithstanding the lack of any “judgment, decree or other order.” To order otherwise would allow the remedial purpose of the lien statute to be avoided by a client who negotiates a private settlement with the opponent, in part to save on counsel fees. In that case, the successful attorney was also attempting to assert a lien on proceeds due to nonclients who, without doubt, benefitting from the attorney’s services, were still not his clients. The language in the opinion cited by the plaintiffs in their memorandum, when seen in the context of the effort of the attorney to have his lien reach proceeds of nonclients, was not deciding whether a lien attached to settlement proceeds but rather to the proceeds from judgments obtained by his client and others similarly situated in the case but who were not clients of the attorney. Similarly, the case of Torphy v. Reder, 357 Mass. 153 (1970), can be limited to its facts wherein the attorney was attempting to obtain a “retaining” or “possessory” lien, as opposed to a “charging” lien under the lien statute.
The second question, then, is whether an attorney need file a “notice of attorney’s lien,” or, whether the act of filing a suit on behalf of the client is a sufficient perfection of the lien for purposes of determining priority among several claimants to those funds. In a rescript opinion, the Appeals Court held that since the date of filing of a suit by the attorney (with no mention of whether he had filed any “notice of lien”) predated the filing of a tax lien, the attorney’s lien, by virtue of the filing of the suit, had priority over the tax lien, since it was first in time. Hayes v. Department of Revenue, 44 Mass.App.Ct 905 (1997). However, in an earlier case, that court stated: “the lien takes effect from the authorized commencement of an action or any proceeding in any court. [Citations omitted.] Mr. Fischer preempted the FDIC by filing first in the Superior Court the appropriate notice of lien . . . The filing serves as notice of the lien to other parties.” Cohen v. Lindsey, 38 Mass.App.Ct. 1, 5 (1995). Therefore, in regards to the priority of the attorney’s lien in the case at bar, and in attempting to reconcile these two decisions, it appears that the Cohen decision should be limited to the facts therein, which did not require a decision as to whether the filing of a lawsuit was alone sufficient to perfect the attorney’s lien, since the notice of lien by the attorney was found to predate the FDIC filing. Consequently, the filing of the separate action against one party on behalf of Bishop, and the cross-claim against another party on behalf of Bishop, both actions being commenced by Attorney Francis, perfected his lien and gave it priority over the plaintiffs’ claims, being ahead of the equitable attachments in time. To the extent that the Cohen decision saw filing of “the appropriate notice” as serving “notice of the lien to other parties,” the court might well have been making a distinction between parties to the lawsuit in question and interested nonparties who would have no notice of the suit and, therefore, the lien, otherwise.
The plaintiffs’ motion to determine validity and priority is, therefore, denied and the cross motion by Bishop is allowed, subject to further inquiry on the amount of the attorney’s lien.