McHugh, J.
At issue in this case is the petition of plaintiffs former law firm to assert a lien pursuant to G.L.c. 221, §50 for attorneys fees on a settlement plaintiff reportedly received for part of her claim. Although the lien claim is against plaintiff alone, the petitioning law firm and plaintiffs current counsel have agreed that the total fee she will pay to both of them will not exceed one-third of the total amount she recovered. One-third of the recovery is the amount plaintiffs current attorneys are entitled to recover under their current fee agreement.[1] In reality, therefore, the dispute is between former and current counsel on how a contingent fee of approximately $31,000 should be divided.
Both sides have presented to the court affidavits and other materials describing their positions and the perceived deficiencies in the position taken by the other. On the present record, however, there are at least two insurmountable obstacles to granting relief either side seeks.
First, and most easily remedied, G.L.c. 221, §50 provides for a lien for a reasonable attorneys fee upon the “judgment, decree or other order in [the charging attorney’s] client’s favor entered or made in [the] proceeding [where the hen is sought], and upon the proceeds derived therefrom.” There simply is no “judgment, decree or other order” in this case. There is a reported settlement but the docket does not reflect its terms, conditions or even existence. There is, therefore, nothing upon which a lien may be asserted. See *523 Collins v. Town of Webster, 25 Mass.App.Ct. 745, 749-50 (1988).
Second, counsel are substantially divided on questions regarding what services were appropriately rendered to plaintiff by both in connection with the present case[2] and what role those services played in producing a settlement. For example, both sides claim that some of the services performed by the other were unnecessary, duplicative or otherwise inappropriate. Such questions cannot be resolved, at least on disputed facts, without an evidentiary hearing. In the last analysis, a petition to establish a lien under G.L.c. 221, §50 involves an action at law and an action in equity to seize and apply the assets necessary to satisfy whatever obligation the action at law creates. See generally Elbaum v. Sullivan, 344 Mass. 662, 664 (1962).[3] In the legal action, disputed facts are found on an evidentiary record, not on affidavit.[4] I therefore treat the petition as both a petition and a motion for summary judgment and deny the latter because of the existence of a genuine issue of material fact.
Having said that, one further word is perhaps appropriate. Both sides have proceeded on the assumption that the court’s role is to divide the total contingent fee in some equitable fashion. It is not. Instead, when faced with questions as to a “reasonable fee” under G.L.c. 221, §50, the court is required to weigh a variety of factors having to do with the fair and reasonable value of the services the attorney rendered. See generally, e.g., Mulhern v. Roach, 398 Mass. 18, 24 (1986).[5]
A contingent fee agreement is a mechanism for allocating risk and reward between attorney and client. If, however, the client chooses to terminate the agreement by engaging successor counsel before termination of a matter, the client thereby terminates the agreed-upon risk-reward arrangement and is required to pay a reasonable fee for the attorney’s efforts whether that fee is more or less than the client would have had to pay had she remained with the attorney until the matter ended. See generally, e.g., Salem Realty Co. v. Matera, 384 Mass. 803, 804 (1981) (rescript); Phelps Steel, Inc. v. Von Deak, 24 Mass.App.Ct. 592, 594-95 (1987).
ORDER
In light of the foregoing, it is hereby ORDERED that the Petition of Brister & Zandrow, LLP, to establish a lien under G.L.C. 221, §50 should be, and it hereby is, treated for present purposes as a motion for summary judgment and, so treated, is DENIED.

The petitioning law firm asserts that it also had a one-third contingent fee agreement with plaintiff when it represented her. That agreement, however, cannot now be found. The existence or non-existence of that agreement is immaterial to resolution of the present dispute.

A companion case under G.L.c. 93A and 176D remains pending and both sets of counsel performed some services with respect to that claim as well.

To be sure, G.L.c. 221, §50 has been amended since Elbaum was decided. The amendments, however, affected procedures and not the basic nature of the action.

I was not the trial judge. Indeed, there was no trial. Compare, Cohen v. Lindsey, 38 Mass.App.Ct. 1, 6n. 10(1995).

The extent, if any, to which Mulhern has been superseded by the “lodestar" approach, see, e.g., Fontaine v. Ebtec Corp., 415 Mass. 309, 325-26 (1993), in this context has not been established by any reported Massachusetts appellate cases.